WERTHEIMER, SWARTS SHOE COMPANY, Appellant, v. EXCHANGE BANK OF SPRINGFIELD *et al.*, Respondents.

St. Louis Court of Appeals, March 5, 1894.

Sales: RESCISSION FOR FRAUD. In order to rescind a contract of sale on the ground that the sale was brought about by false and fraudulent representations by the vendee concerning his financial condition, the vendor must affirmatively show that the sale was made, partly at least, on a credit, and must return any consideration received by him therefor so as to place the vendee *in statu quo.*

*Appeal from the Greene Circuit Court.*—Hon. **J. T.**
NEVILLE, Judge.

AFFIRMED.

*Benj. S. Wash* and *E. A. Barbour* for appellant.

*John O'Day* for respondents.

ROMBAUER, P. J.—Upon a trial of this cause the
court instructed the jury to find a verdict for the
defendants, which they did. The plaintiff appeals,
and assigns for error that under the pleadings and
evidence this instruction was erroneous.

The action is replevin by the vendor of goods
against the mortgagees of the vendee. The petition is
in the ordinary form, and the answer a general denial.
The evidence is not preserved in full in the record, but
according to the recitals of the transcript there was
evidence tending to show the following facts: That
the vendees made false and fraudulent representations
to the plaintiff as to their financial condition for the
purpose of inducing the plaintiff to sell to them the
goods in controversy; that the plaintiff did part with
the goods and sell them to the vendees upon the faith
of these representations; that the vendees were insol-
vent; that the indebtedness of the vendees to the
defendants was contracted before the sale of the goods,
and that at the time of the execution of the mortgage
no new consideration passed between the vendees and
their mortgagees, the present defendants. There was
no evidence tending to show that the defendants knew
of any fraud of the vendees in the purchase of the
goods from plaintiff.

It will be thus seen that, according to the recitals
of the bill of exceptions, there was no evidence tending

to show whether the goods were bought on credit, or on part credit, or whether they were paid for in whole or in part. This is not a suit for the price of the goods so as to require an affirmative plea of payment, but a suit to avoid a sale for fraud, where the fact that the sale was on credit must be affirmatively shown by the vendor who seeks to avoid the sale. We might possibly infer from the statement, that the plaintiff parted with the goods on the faith of the vendee's false and fraudulent representations touching their financial condition, that the goods were bought, at least partly, on credit; but even if we could infer such fact, on which we desire to express no opinion, it would not aid the plaintiff, because a vendor under these circumstances can not avoid the sale and retake the goods, unless he replaces his vendee in *statu quo* and returns to him the consideration received. *Cahn v. Reid*, 18 Mo. App. 115.

Finding this fatal defect in the evidence preserved in the transcript at the outset, we are precluded from examining the points presented upon the argument. If the evidence tended to show no more than the bill of exceptions recites, on which question the bill of exceptions is conclusive, the court committed no error in directing the jury to find a verdict for the defendants.

The judgment is affirmed. All concur.