Goebel v. Troll.

FREDERICK GOEBEL *et al.*, Appellants, v. HENRY TROLL,
Sheriff, Respondent.

St. Louis Court of Appeals, May 4, 1897.

Sale of Personal Property upon False Representation, by
Vendee, of Solvency: RESCISSION: REPLEVIN. In an action of
replevin for the recovery of goods sold and delivered to the vendee
on credit upon his representation that he was solvent at the time of
the purchase, when in fact he was insolvent,—*Held:* That plaintiffs
were entitled to a recovery upon their rescission of the sale and
demand for a return of the goods as soon as they learned that the rep-
resentation was false.

*Appeal from the St. Louis City Circuit Court.*—HON.
THOMAS A. RUSSELL, Judge.

REVERSED AND REMANDED (*with directions*).

*John B. Roeder* for appellants.

The sheriff is not an innocent purchaser, and his
rights are no greater than those of the original vendee.
*Googher v. Finn*, 10 Mo. App. 226.

The vendee's representation of solvency, when he
was insolvent, was a legal fraud upon appellants,
regardless of knowledge of insolvency, and regardless
of any actual intention to defraud. *McBeth v. Crad-
dock*, 28 Mo. App. 380; *Caldwell v. Henry*, 76 Mo. 260.

A man is presumed to know his financial condition,
and knowledge by the vendee that he was unable to pay
for the goods was tantamount to an intention not to
pay for them, and amounts to fraud. *Ring v. Vogel P.
& G. Co.*, 44 Mo. App. 111; *Elsass v. Harrington*, 28
*Id.* 300; *Reid v. Lloyd*, 52 *Id.* 278.

BIGGS, J.—This is an action of replevin. It orig-
inated before a justice of the peace. The property was

taken from the defendant and delivered to the plaintiffs. The latter recovered a judgment before the justice. The defendant appealed. In the circuit court the cause was submitted on an agreed statement of facts, which resulted in a judgment for the defendant. The plaintiffs in turn have appealed to this court.

The following is the agreed statement of facts: "On the dates mentioned in annexed bill, plaintiffs sold to Henry Freise, a grocer and saloon keeper, the goods in said bill mentioned. The line of credit was extended to him by plaintiffs in reliance on the truth of the statement made by him (Freise) to plaintiffs just prior to said purchases that he (Freise) was perfectly solvent. On June 12, 1896, being unable to pay to plaintiffs said bill of $181.56, and unable to pay to the Columbia Brewing Company its claim of $863.05, which he owed to it; and unable to pay other debts which he owed to other parties, amounting to about $350, he (Freise) confessed judgment in the St. Louis circuit court in favor of said Columbia Brewing Company in the sum of $863.05. Execution was immediately issued on said judgment, directed to Henry Troll, sheriff, and under the same Freise's entire assets, except his exempt household goods (and except the goods in this replevin suit recovered) were sold and brought $300. So soon as plaintiffs became aware of Freise's financial condition—on the day following—they rescinded said sales and called on Freise and demanded back such of their goods as were still on hand, and also demanded the same of the defendant, and same being refused they brought the pending suit, and under the writ therein issued, they obtained (and still have) possession of a portion of the said goods by them sold to Freise, and the value of which is by agreement fixed at $85. The goods obtained under the replevy are as follows: three bbls. f. gran. sugar; one part bbl. f. gran. sugar; two bbls. f.

stand. gran. sugar; two bxs. Am. lump starch; one bx. Am. lump starch; one bbl. med. pickels; one bx. Never Sink Soap; three doz. twelve oz. cut tax; one part box can opener tacks.

"It is admitted that Freise was insolvent at the date on which he made his statement to the plaintiffs of being solvent and that he was insolvent at the dates at which he purchased said goods of plaintiffs, but it is not admitted that he knew said statements to be false when he made them, or when he purchased said goods."

The bill of items referred to shows that on June 13, 1895, the plaintiffs sold to Henry Freise goods to the amount of $181.56.

As the defendant has filed no brief, we are not advised of the views entertained by the trial judge of the legal questions involved. We assume that the judgment must have been based upon the theory that it was essential for plaintiffs to show that Freise had actual knowledge of his insolvency at the time he made the representation. In cases like we have here the law makes no distinction "between one's statement of a thing as true which he knows to be false, and his statement of a thing which he does not know to be true and which turns out to be false." *Florida v. Morrison,* 44 Mo. App. 529; *Rings v. Vogel, Id.* 111; *Pomeroy v. Benton,* 57 Mo. 531; *Wertheimer v. Bank,* 56 Mo. App. 662; *Buford v. Caldwell,* 3 Mo. 477; *Burnham v. Ellison,* No. 6443, decided by this court and not yet reported, and *Beebe v. Hatfield,* 67 Mo. App. 609. It is conceded that the goods in controversy are a portion of the goods bought by Freise from plaintiffs; that they were bought on credit, and had not been paid for; that at the time of the purchase Freise represented that he was solvent, when in fact he was insolvent; that in making the sale and extending the credit the plaintiffs

*Sale of personal property upon false representation, by vendee, of solvency: rescission: replevin.*

relied on the representation of Freise that his financial condition was good, and that as soon as they learned that the representation was false they elected to rescind the sale, and demanded of Freise and the defendant the return of the goods. From these facts a judgment for the plaintiffs must necessarily follow.

The judgment will be reversed and the cause remanded with directions to enter a judgment for plaintiffs in conformity with this opinion. All the judges concur.