H. R. JARRETT, Plaintiff in Error, *v.* J. F. MORTON, Defendant in Error.

1. *Notes — Fraud and deceit — Settlement should be repudiated before commencing proceedings on original claim.* — Defendant was sued for the services of a slave. He denied the indebtedness, but, to avoid a controversy, "squared off" by giving plaintiff a certain note on which sundry payments had been indorsed. Plaintiff took the note without examination, collected the money, and pocketed the proceeds. Because it turned out that the amount due on the notes was less than plaintiff's claim, he could not treat the claim as unadjusted, and sue for the balance, on the plea of fraudulent misrepresentation by defendant concerning the amount remaining due on the note. Before commencing proceedings on his original claim, he should have tendered back the note received of defendant, and should have repudiated the settlement; or he might have prosecuted directly for the deceit, abandoning entirely his original cause of action. In that case he could retain the note, and recover, in addition, all he had suffered by the deception.

### Error to Third District Court.

*T. A. Sherwood*, for plaintiff in error, relied, among others, upon the following authorities: State v. Harrold, 38 Mo. 496; State, to use, etc., v. Smith, 31 Mo. 566; State v. Wissmark

*et al.*, 36 Mo. 592; Young v. White, 18 Mo. 93; Beale v. Cullum, 31 Mo. 258; Bay v. Sullivan, 30 Mo. 191; Gonsolis v. Gearhart, 31 Mo. 585.

*McAfee & Phelps*, for defendant in error, relied upon the following authorities: 2 Pars. on Cont., 5th ed., 780–2; Moyer v. Shoemaker, 5 Barb. 319; Matteawan Co. v. Bentley *et al.*, 13 Barb. 641; Wheaton v. Baker, 14 Barb. 594; Masson v. Bovet, 1 Den. 69; Hogan v. Weyer, 5 Hill. 389; Chit. on Cont. 646, 748; 1 Greenl. Ev. § 192.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brings his *quantum meruit* to recover for the services of a slave who was taken by the defendant, in January, 1862, from Greene county to Arkansas, and returned with him in 1864. The plaintiff recovered $20 in the Springfield Common Pleas, and the judgment was reversed in the District Court. The only matters complained of, or that can be considered, arise from the charge to the jury upon the trial below.

There were two defenses. First, that the services were worth nothing; and, second, an accord and satisfaction. The plaintiff had frequently demanded of the defendant payment for the services, and the latter uniformly disclaimed any indebtedness; but finally the plaintiff told him if he would give him a certain promissory note held by defendant against one Reynolds, upon which plaintiff was security, he would "square off." Defendant gave him the note, which he put in his pocket without examination. The note was for $90, with indorsements, so that only about $50 were due upon it, which amount plaintiff collected. The plaintiff claims that there was no accord and satisfaction, for the reason that defendant deceived him in regard to the note, having induced him to believe that it was given for $125, and had been on interest for several years. The deception upon which he relied occurred some two years before, when he was endeavoring to buy the slave he afterward took to Arkansas. The plaintiff testifies that defendant then offered the note, among other things, in payment, and represented that it was given as above; and that, when

Jarrett v. Morton.

he agreed to take it in satisfaction of his claim, he supposed there were nearly $200 due on it.

The defendant complains of the following instruction given on behalf of the plaintiff, to-wit: "7th. That although the jury may believe from the evidence that the plaintiff received from the defendant a note for ·$50, and applied the same to his own use, yet if the jury also believe from the evidence that plaintiff received said note by mistake, and through deception and fraud of the defendant, they will not regard the reception of said note as a compromise and settlement, although plaintiff never returned or offered to return said note."

The same point is raised in the following instruction, asked by defendant and refused: "3d. That if plaintiff had been previously misled by defendant as to the amount due on said note, or was mistaken as to the amount due on said note, at the time he accepted the same for the services of the said Wyatt, yet, after discovering the mistake or misrepresentation, did not return or offer to return said note to defendant, but collected the same for his own use, the jury will find for defendant.'

The giving of the above instruction, marked "7th," and refusal of the other, were clearly erroneous. The delivery of the note to the plaintiff was not made in payment or part payment of an acknowledged debt, but in settlement of a disputed claim. The defendant never acknowledged that he owed anything — always denied it — but, to avoid a controversy, at the solicitation of the plaintiff, he "squared off" by giving him the note. It was a compromise — a full settlement of the dispute. It extinguished the claim. But the plaintiff finds the note less than he expected, and complains that he is deceived. And what does he do? Does he at once, upon discovery of the deception, look up the defendant, and repudiate the settlement? Not at all. But he holds on to the price of the settlement, collects the note, pockets its proceeds, and still treats the claim as never having been adjusted. This the law will never permit. If the plaintiff would repudiate the settlement, he must put the other party in the same condition he was before it was made. He can not appropriate its benefits and deny its obligation. There never was but one doctrine upon

this subject; and the books are full of decisions that if a party would rescind a contract for fraud or other cause, he must, as far as in his power, put the other party in the condition he would have been in had the contract not been made. Before commencing proceedings on his original claim, the plaintiff should have tendered back the note received of defendant — should have repudiated the settlement — and then he would have been at liberty to impeach it if set up against his claim. But, as it is, he hangs on to it, and is not at liberty to deny its validity.

Another mode of redress against the alleged fraud was opened to him. If he desired to affirm the contract of settlement, he might have prosecuted directly for the deceit, abandoning entirely his original cause of action. In that case he could have retained the note, and recover, in addition, all he had suffered by the deception.

The judgment of the District Court, reversing the judgment of the Court of Common Pleas, is affirmed. The other judges concur.