ESTES, *Appellant*, v. REYNOLDS.

·Contract: DISAFFIRMANCE FOR FRAUD. The right to disaffirm a contract for fraud, must be exercised promptly, and the disaffirmance must be *in toto.*

*Appeal from Audrain Circuit Court.* — HON. G. PORTER, Judge. ·

AFFIRMED.

This was an action for damages for fraud and deceit alleged by plaintiff to have been practiced upon him by defendant in palming off upon him certain township bonds instead of county bonds. The facts as testified to by plaintiff were, in substance, as follows: One Thurmond owed plaintiff $6,500, for which plaintiff held a deed of trust on Thurmond's farm. Thurmond sold his farm to defendant, who agreed to pay the debt due plaintiff. Defendant offered to pay with Pike county bonds, which plaintiff at first refused, but finally consented to receive. On the 5th of October, 1875, the bonds were delivered, and

plaintiff, without examining them, put them into an envelope, sealed the envelope and handed it to his sister to keep. Plaintiff did not see the bonds again until June, 1876, when he examined them and discovered that a portion only of them were bonds of Pike county, the rest being bonds of Cuivre township, Pike county, not obligations of the county. This was shortly after the Supreme Court of the United States, in the case of *Harshman v. Bates Co.*, had decided all township bonds to be void. Plaintiff did not notify defendant of his discovery, because, as he testified, he did not consider it his duty to notify defendant that he had perpetrated a fraud. Neither did he at the time offer to return the bonds, because his attorney advised him that this was not necessary. In February, 1877, he did offer to return the township bonds, but not the county bonds. He had sold some of the latter, before he discovered that the bonds were not all county bonds.

Defendant had judgment and plaintiff appealed.

*Fagg & Biggs* for appellant.

When a party sells one thing and delivers an entirely different one, there is no breach of warranty. It is a non-compliance with the terms of the bargain—a non-supply of the thing bought. If the vendee has paid the purchase money, he may recover it back, not by way of damages, but as money paid without consideration. He may maintain the action without returning or offering to return, because the title to the property has never vested in the vendee, and the vendor has a right to reclaim it any time. But when the identical thing purchased has been delivered, but it is not of the quality or value represented, this presents a different case. The vendee, upon discovering the fraud, would have two remedies : Either to stand by the bargain and sue for damages, or immediately return the property and sue for the purchase money. 2 Smith's Lead. Cas. 27; 2 Schouler Per. Prop., 319, 325, 353, 354,

606; *Young v. Cole*, 3 Bing. (N. C.) 724; Benj. Sales, 448; Story Sales, 367; *Mullen v. Old Colony R. Co.*, 127 Mass. 86; *s. c.*, 34 Am. Rep. 349; 9 C. L. J. 56; *Gompertz v. Bartlett*, 2 E. & B. 849; *Gurney v. Womersley*, 4 E. & B. 133; *Rosebrook v. Runals*, 32 Wis. 415; *Loeschigh v. Blun*, 1 Daly 49; *Fenton v. Perkins*, 3 Mo. 23, 144. There was no necessity for a return of the township bonds, because the Supreme Court of the State had held that the law under which they were issued was unconstitutional. Therefore, the bonds were void and worthless. *Barr v. Baker*, 9 Mo. 840; *Murphy v. Gay*, 37 Mo. 536; 2 Schouler Per. Prop., 611; *Paul v. Kenosha*, 22 Wis. 266; *Poulton v. Lattimore*, 9 B. & C. 259; *Perley v. Balch*, 23 Pick. 282; *Dill v. O'Ferrell*, 45 Ind. 268; *Lore v. Oldham*, 22 Ind. 51; *Garland v. Spencer*, 46 Me. 528; *Christy v. Cummins*, 3 McL. 386.

*Smith & Robinson* for respondent.

SHERWOOD, C. J.—It is fatal to plaintiff's case, that on discovering the alleged fraud and deceit upon which he bases his action, he did not promptly rescind, or offer to rescind the contract, and return or offer to return the property he acquired by reason thereof. And such rescission must be *in toto*. A party cannot affirm a contract in part, and repudiate it in part. He cannot accept its benefits on the one hand, while he shirks its disadvantages on the other. He cannot play fast and loose in the matter. Nor is he permitted to select his own time, consult his own convenience and watch the rise and fall of the market, before exercising the right of rescission. If he elects to disaffirm the contract in consequence of deception practiced upon him, such election in order to avail him must have the chief and essential element of promptitude, and he must put the other party in the same situation as he was before the contract was made. All the authorities speak this language. *Jarrett v. Morton*, 44 Mo. 275; *Hart v. Handlin*, 43 Mo. 171, and cases cited. The facts of this case

bring it fully within the principles here announced, and as the case was tried in conformity thereto, we affirm the judgment. All concur.