ROEDER, Appellant, v. ROBERTSON et al.

Division One, March 28, 1907.

1. **FOREIGN CORPORATION: Business in this State: Transfer to Agent.** Where a contract for the sale of personal property is void, because the vendor being a foreign corporation had never complied with the law authorizing it to do business in this State, and for that reason the title to the property never passed to or vested in the purchasers, yet if plaintiff was the agent of such corporation in the sale and delivery of the property and was familiar with all the facts and circumstances surrounding the transaction, he was not, when by bill of sale executed by the foreign corporation in the foreign State the property was transferred to him, an innocent purchaser, but acquired just such title and interest in the property as his vendor (the foreign corporation) had, and no more.

2. ———: ———: **Reasonable Statute.** The statute, approved April 21, 1901, which requires a foreign corporation which comes into this State for the purpose of doing business for a profit, to first file with the Secretary of State a copy of its

charter or articles of incorporation and to open and maintain an office in this State, with one in charge thereof, having authority to accept and receive process, and requiring it to pay into the revenues of the State a reasonable sum of money for the right or privilege of doing business here, is not harsh or oppressive. Its purpose is to raise revenue and have someone present in the State to represent it in case litigation should arise between it and the citizens of the State. It is a reasonable and constitutional statute.

3. ———: ———: **Recovery of Property Illegally Sold: Holding on to Money Received: Transfer to Agent: Status Quo: Estoppel.** Neither a foreign corporation, nor a citizen of this State, nor an agent of the foreign corporation to whom was transferred the property sold and the notes received by the foreign corporation with full knowledge that the transaction was void, should be permitted to hold onto the money received in part payment of the property, and nevertheless recover the property illegally sold. Before the property which has been partially or fully paid for can be recovered, the *status quo* must be restored. Both the corporation and its assignee with notice are estopped to repudiate the contract or set up rights in opposition to it while retaining the money received under it.

4. ———: ———: **Constitutional Statute: Due Process of Law, etc.** The statute which requires foreign corporations, wishing to do business in this State, to file their charters with the Secretary of State and have an office in this State, etc., makes all transactions by the foreign corporation, in violation of the statute, null and void, and contracts made by it for the sale of goods, wares and merchandise to citizens of this State are mere nullities; the title to the property sold does not pass to the purchaser, but remains in the vendor, and hence the act does not violate the constitutional provision which prevents the taking of property without due process of law, because it does not take the property, nor give it to another; and if it has parted with it under a void contract, it can recover it in the courts, just as a resident citizen might, and hence the act does not deny to such corporations the same rights, immunities and privileges that are are accorded to citizens of this State, nor deny to such corporation equal protection of the laws.

5. ———: ———: ———: **Private Property for Private Use.** Nor does such act take private property for private use. The title to the property remains just where the foreign corporation placed it, subject to the equities created against it by the conduct of the parties at the time of the void sale of the property to citizens of this State.

6. ————: ————: **Purchase by Citizen of This State: Illegal Contract: Not Enforcible As to Either Party.** A citizen of this State has the right to go to a foreign State and purchase from a corporation of that State property previously illegally sold and delivered by the corporation to citizens of this State. The contract of sale was void, because the foreign corporation had not complied with the laws of this State authorizing it to do business here, but the purchase in that State by a citizen of this State of the property delivered to residents of this State in pursuance to said void contract, is not void, and hence the courts will not be controlled by the principle, when such citizen brings suit to recover the value of the property sold, that, the contract being illegal and void, aid will not only be denied to those seeking to enforce it, but assistance will not be given to those attempting to escape from it, for that principle is not applicable; but, the citizen's purchase of the property from the foreign corporation being valid, he will not be permitted to recover the property until he restores to defendants the money they paid for the property under the void contract with the corporation, of which he had full knowledge.

Appeal from Cooper Circuit Court.—*Hon. James E. Hazell*, Judge.

AFFIRMED.

*John Cosgrove* for appellant.

(1) The contract between A. W. Stevens & Son and respondents is conceded to be void, and therefore nothing passed by its terms from the vendor to the vendees. A void sale or contract of sale is of no more legal effect than if never made. Keaney v. Vaughn, 50 Mo. 284; 1 Page on Contracts, sec. 20. (2) The trial court committed error in refusing to declare the law as prayed by appellant in instructions 3 and 7. Hutch. on Carriers (2 Ed.), sec. 735; Woolen Mills v. Edwards, 84 Mo. App. 448. (3) The contract attempted to be entered into between A. W. Stevens & Son and respondents being invalid in consequence of the failure of said A. W. Stevens & Son to comply with

the statutes of this State, did not pass the title of
the property in controversy to respondents, and the
title still remained in A. W. Stevens & Son.   Hutch.
on Carriers, sec. 735; Bank v. Matthews, 98 U. S. 621;
Thornton v. Bank, 71 Mo. 221; Bank v. Gilliam, 72 Mo.
77.   (4)  The situs of the property, in contemplation
of law, was in A. W. Stevens & Son in the State of
New York, notwithstanding the property itself was
located in this State, and the sale thereof by A. W.
Stevens & Son in the State of New York to the appel-
lant, who resided in Missouri, transferred a good title
to him.   Roer on Interstate Law, 194; Kelly v. Crapo,
45 N. Y. 86; Thuret v. Jenkins, 7 Martin (La.) 318;
Cooley on Taxation, 270; Mills v. Thornton, 26 Ill.
300; Fienmen v. Sachs, 33 Kan. 625; Gaylor v. Sora-
gen, 32 Vt. 110; Wagner v. Breed, 29 Neb. 720; Doug-
lass v. Ins. Co., 138 N. Y. 209; Cross v. U. S. Trust
Co., 131 N. Y. 330; Collins v. Lumber Co., 128 Mo.
451.   (5)  Respondents denied the validity of the
contract made by them with A. W. Stevens & Son and
repudiated its terms *in toto,* after having obtained
possession of the property, which was the subject of
the negotiations, and then by refusing to surrender
said property to appellant appropriated it to their
own private use.   Such an appropriation is in viola-
tion of section 20 of article 2 of the Constitution of
this State, and is also a violation of section 30 of the
same article, which provides that "no person shall be
deprived of life, liberty or property without due
process of law," and is also in violation of article 5
of the Constitution of the United States.   (6)  The
assignment and sale made by A. W. Stevens & Son in
the State of New York was valid  under the laws of
that State, and was, therefore, valid in Missouri, as
there is no law prohibiting such a sale in this State,
and no creditor of A. W. Stevens & Son in the State
was injured thereby.   Fenton v. Edwards, 126 Cal.
43; Consolidated Tank Line Co. v. Collier, 148 Ill.

259; Hayden v. Yale, 45 La. 362; Ward v. Pipe Mfg. Co., 71 Conn. 345.

*W. M. Williams* for respondents.

(1) If plaintiff, under the agreed statement, was not entitled to recover, the judgment of the lower court should be affirmed. Munford v. Wilson, 15 Mo. 54; Land Co. v. Hays, 105 Mo. 153. (2) It does not appear that plaintiff paid any valuable consideration for the bill of sale executed to him by A. W. Stevens & Son. He was perfectly familiar with all of the facts and circumstances connected with the transaction between that corporation and the defendants and acted as agent for the former in the delivery of the property to the latter. He can not claim to be a *bona fide* purchaser; but, in any event, said A. W. Stevens & Son could not confer upon him a greater right to the property or any better cause of action than that possessed by said corporation itself. 1 Mechem on Sales, sec. 154. (3) The corporation and its assignee are estopped to repudiate the contract or set up rights in opposition to it while retaining the money received under it. Vanstandt v. Hobbs, 84 Mo. App. 633; Chemical Co. v. Nichells, 66 Mo. App. 678; Poplin v. Clausen, 38 S. W. 974; 2 Mechem on Sales, secs. 912, 914, 1053. (4) "The policy of the law being to refuse its aid to those who have sought to violate it, it does so not only when the parties are seeking to enforce their illegal contracts, but also when they are seeking to escape them. It will not therefore, as a general rule, aid either party in his efforts to regain his former position. If, therefore, the seller has delivered the goods but has not received his pay, he not only could not collect the price, but he could not, as a rule, regain his goods." 2 Mechem on Sales, sec. 998; Downing v. Ringer, 7 Mo. 585; Mason v. Pitt, 21 Mo. 391. (5) Plaintiff has no standing to maintain this suit. A. W. Stevens & Son,

the corporation through which he claims title, not only failed to comply with the statutes of this State before the transaction with defendants, but has never complied with the same. Said corporation could not maintain a suit in the courts of this State and the assignee of its claim is in no better position. Beale on Foreign Corporations, sec. 247. The contract between the plaintiff and A. W. Stevens & Son was for the sale and delivery of property located in the State of Missouri. The contract was void and conferred no title upon the plaintiff. Erhardt v. Robertson, 78 Mo. App. 404; Tri-State Amusement Co. v. Forest Park Highlands Amusement Co., 90 S. W. 1020; Chicago Mill & Lumber Co. v. Sims, 95 S. W. 344. (6) The facts in the agreed statement fail to show a conversion by the defendants, and the judgment was properly in their favor. The machinery was delivered to them under a contract of sale without any knowledge on their part of its invalidity. They paid part of the purchase money and gave their notes for the remainder. Neither the money nor the notes have been returned or offered to be returned to them. There has been no refusal on their part to surrender the machinery and no demand made therefor. The fact set out in the agreed statement that "the other machinery has also remained upon the place of the defendants and part of it, the engine, has been used by them," is insufficient to charge them in this action.

WOODSON, J.—This is a suit which was brought by appellant against the respondents, in the circuit court of Cooper county, to recover the value of an engine and threshing machine, which he alleges belonged to him and were wrongfully converted by respondents to their own use.

As there were no objections made to the pleadings, we deem it unnecessary to state even the substance of them, since the case was submitted to the court upon an

agreed statement of facts, except as to the value of the property.

The agreed statement of facts is as follows:

"It is admitted for the purposes of the trial of this cause that the defendants purchased, in or about the month of August, 1896, a threshing outfit, consisting of one sixteen-horsepower Stevens & Son traction engine, number 2157; one new Stevens thresher, number 9087; one Uncle Tom's wind stacker, number 208; one self-feeder, number 273, and one Washington weigher, for which defendants promised and agreed to pay said A. W. Stevens & Son twenty-five hundred and eighty dollars; that said property was shipped by said A. W. Stevens & Son and delivered, through plaintiff, to defendants; that defendants took said property into their possession and to their farm; that the purchase price thereof was settled as follows: An old threshing outfit, belonging to defendants, was to be received by said A. W. Stevens & Son for ten hundred and eighty dollars, and defendants did execute three promissory notes, all dated August 6, 1896, and signed by defendants and made payable to said A. W. Stevens & Son; one for three hundred dollars, due January 1, 1897; one for six hundred dollars, due November 1, 1897; one for six hundred dollars, due January 1, 1898; all being negotiable notes and bearing interest at the rate of six per cent per annum; that said old threshing outfit, which was accepted in part payment for the machinery sold by said A. W. Stevens & Son to the defendants, was afterwards resold by said A. W. Stevens & Son to the defendants for three hundred dollars, which was paid in cash to said A. W. Stevens & Son; that the defendants also paid to said A. W. Stevens & Son the note for three hundred dollars, due January 1, 1897, and delivered to said corporation the other two notes for six hundred dollars, above described; and one of said notes was endorsed and transferred to J. G. Erhardt, who instituted suit upon the same in the cir-

cuit court of this county, and in said suit judgment was
rendered for the defendants and upon appeal to the
Kansas City Court of Appeals said judgment was af-
firmed, and is reported in Erhardt v. Robertson Broth-
ers, 78 Appeals, page 404; that the three hundred dol-
lars paid for the old threshing machine by the defend-
ants, and the three hundred dollars paid in settlement
of the note, due January 1, 1897, have never been re-
turned to the defendants, nor has any part thereof, and
that said money is still retained by said A. W. Stevens
& Son; that the promissory notes for six hundred dol-
lars each have never been returned, nor offered to be
returned, to the defendants; that a warranty accom-
panied the threshing outfit sold by said A. W. Stevens
& Son to the defendants; that after trial defendants
claimed said machinery did not comply with the war-
ranty and notified said A. W. Stevens & Son to that
effect, and declined to accept and pay for said machin-
ery.

"It is further admitted that at the time of the
sale of said machinery by said A. W. Stevens & Son
to the defendants, said A. W. Stevens & Son was a
corporation for pecuniary profit formed in the State
of New York, and was doing business in the State of
Missouri, and it had not at that time, and never has
since, complied with the terms of the act of the General
Assembly of the State of Missouri, entitled, 'An Act
to require foreign corporations doing business in this
State to have a public office or place of business in this
State at which to transact its business, and subjecting
it to certain conditions and requiring it to file its arti-
cles of incorporation with the Secretary of State and
to pay certain taxes and fees thereon; approved April
21, 1891;' that the said A. W. Stevens & Son, at the
time of making said contract with the defendants, had
wholly failed to, and has ever since wholly failed to,
maintain a public office, or place of business, in this

State, for the transaction of business where legal service may be obtained upon it, and where proper books are kept, to enable such corporation to comply with the constitutional and statutory provisions governing foreign corporations.

"That while said machinery sold by said A. W. Stevens & Son was on the farm of defendants in Cooper county, Missouri, a bill of sale transferring the same to plaintiff was executed, on or about July 20, 1899, in the State of New York, by said A. W. Stevens & Son, and the same was forwarded by mail to the plaintiff at Boonville, Missouri; that the old threshing machine was never delivered to A. W. Stevens & Son, but was resold by said A. W. Stevens & Son to the defendants, and the other machinery has also remained upon the place of the defendants, and part of it, the engine, has been used by them."

In addition to the above agreed facts plaintiff offered evidence tending to show that the property described in the petition was worth the sum of fifteen hundred dollars, and the defendants on their part offered evidence tending to show that said property was worth six hundred dollars. This was all the evidence.

Whereupon plaintiff prayed the court to declare the law as follows:

"First. Upon the agreed facts in this case, the plaintiff is entitled to recover.

"Second. The court declares the law to be that A. W. Stevens & Son, a corporation existing under the laws of the State of New York, did not lose or forfeit its interest in the property described in the pleadings, and the agreed statement of facts in the case, by its failure to comply with the act of the General Assembly of the State of Missouri, entitled, 'An Act to require foreign corporations doing business in this State to have a public office or place of business in this State at which to transact its business, subjecting it to certain conditions, requiring it to file its articles of in-

corporation with the Secretary of State, and to pay certain fees and taxes thereon, approved April 21, 1891.'

"Third. A. W. Stevens & Son did not lose its interest in the property described in the pleadings in this case, by sending it into the State of Missouri, and the said A. W. Stevens & Son, by its sale and transfer executed in the State of New York, conveyed a good title to the property to the plaintiff in this case. The situs of said property, in contemplation of law, adhered to said A. W. Stevens & Son.

"Fourth. A. W. Stevens & Son did not forfeit or lose its title or interest in said property by sending it to the State of Missouri and therefore had the right to sell and transfer the same in the State of New York to the plaintiff, who, at that time, resided in the State of Missouri.

"Fifth. The court will exclude from its consideration in arriving at a finding in this case all evidence offered by the defendants, and all facts agreed showing the amount of money claimed by the defendants to have been paid for the property described in the pleadings in this case, under the contract made with A. W. Stevens & Son in the State of Missouri, by or through the plaintiff, for the purchase of the threshing outfit described in the pleadings in this cause.

"Sixth. The defendants having refused to pay the two notes of six hundred dollars each, amounting to twelve hundred dollars, in accordance with the contract made for the purchase of said property, and said contract being void under the laws of this State, defendants cannot enforce or have any rights thereunder, and they are estopped from making any claim arising out of, or connected with said contract.

"Seventh. The act of the General Assembly of the State of Missouri, approved April 21, 1891, is not confiscatory. It did not have the effect of confiscating the property of A. W. Stevens & Son, citizens of the State

of New York, because the said A. W. Stevens & Son did not conform to the requirements of said act, to enable it to do business in this State.   The Legislature of this State has no right to pass a law depriving any person or corporation, who is a citizen of another State of this Union, of his or its property, without due process of law, nor can the Legislature of this State, under the Constitution of the State and of the United States, transfer the property of a private person or corporation of the State of New York to another person or corporation of this State without requiring the person or corporation who receives said property to make compensation therefor, and the plaintiff is entitled to recover.''

Which instructions or declarations of law, thus prayed by the plaintiff, the court refused to give, and to the refusal of the court to give said instructions and to declare the law as prayed, plaintiff then and there excepted to the refusal of all and each of said instructions.

The defendants on their part prayed the court to declare the law as follows:

"1st.   The court declares the law to be that under the agreed statement of facts and the evidence submitted in the cause, the plaintiff cannot recover, and the finding and the judgment must be for the defendants."

Which instruction the court gave.   To the giving of which instruction, thus prayed by the defendants, plaintiff duly excepted at the time.

The court then found for the respondents and rendered judgment against the appellant for costs, to which action of the court he excepted; and within due time filed his motion for a new trial, which was, by the court, overruled, to which action appellant duly excepted, and has appealed the cause to this court because a constitutional question is involved.

I. Appellant concedes the contract between A. W. Stevens & Son and the respondents was void, and contends that on that account the title to the engine and threshing machine never passed or vested in the respondents, but remained in the vendors, and the contract of sale made by A. W. Stevens & Son to appellant vested the title thereto in him, and therefore he was entitled to recover in this case.

Conceding appellant's contention to be correct, yet the agreed statement of facts disclosed the fact that he was the agent of Stevens & Son in the sale and delivery of the property, and was perfectly familiar with all the facts and circumstances surrounding the transactions, and for that reason he cannot successfully contend that he was a "*bona fide*" purchaser of the property. He acquired just such title and interest in and to the property as his vendor had, and nothing more. We do not decide what would have been the effect had the appellant been an innocent purchaser.

The agreed facts also show that A. W. Stevens & Son, a foreign corporation, in violation of the laws of this State, received from respondents three hundred dollars in cash, an old threshing outfit, valued by the parties to the contract at $1,080, and two promissory notes of six hundred dollars each as the purchase price of the property sued for. It has never returned or offered to return the purchase price to the respondents.

The act approved April 21, 1901, which requires a foreign corporation, which comes into this State for the purpose of doing business for a profit, to first file with the Secretary of State a copy of its charter or articles of incorporation, to open and maintain an office in this State, with some one in charge thereof, having authority to accept and receive process, and to require it to pay into the revenues of the State a reasonable sum of money for the right or privilege of transacting business therein, is not harsh nor oppress-

ive. The purpose of the statute is to raise revenue, and to have some one present in the State to represent it in case litigation should arise between it and the citizens of this State.

Those who ask the assistance and protection of the State in the transaction of their business should not complain of an assessment which is to contribute to the support of the State government, nor to the requirement of maintaining a representative in the State upon whom process may be served in case of litigation, and thereby avoid annoyance and inconvenience, and save time and expense in seeking justice in the courts of another State. Such a statute is but the expression of a wise public policy of the State. The justice of this policy has been recognized by many States of the Union, and they have enacted statutes similar in character to ours, and many of them are much more stringent in their provisions, and exacting in the requirements of those who enjoy their protection and benefit.

Such a statute should not be so construed as to confer upon foreign corporations any additional or greater rights and powers than those possessed by domestic corporations or other citizens of the State. No corporation or citizen of this State would be permitted to repudiate a void contract of sale of merchandise, and, while retaining the purchase price, come into court, and recover the possession of the property sold, or recover the value thereof. Upon the broad principles of equity and justice restitution of the ill-begotten gains should be made before the unjust prayer for relief should be granted. The other party to the transaction should, according to natural justice, be restored to his "*status quo*" before he should be commanded by the court to return the property which had been partially or fully paid for; otherwise the vendor would have both the property sold and the purchase price, while the vendee would have only a doubtful cause of

action against a foreign corporation, perhaps far away.

Such a condition should not and does not exist under the laws of this State.

Appellant cannot maintain this action without first returning or offering to return the payments received by A. W. Stevens & Son. [Vanstandt v. Hobbs, 84 Mo. App. 633; Chemical Co. v. Nickells, 66 Mo. App. 690; Poplin v. Clausen, 38 S. W. 974; Mechem on Sales, secs. 912, 914, 1053; Daniels v. Tearney, 102 U. S. 415; City of St. Louis v. Davidson, 102 Mo. l. c. 155; O'Brien v. Wheelock, 184 U. S. 450.]

II. Appellant asks for a reversal of the judgment because the act which prohibits foreign corporations from doing business in this State until they comply with the provisions thereof is, "in so far as it seeks to make contracts so made with corporations of other States void, before they have complied with the requirements of said act, unconstitutional, because such act seeks to take from such foreign corporations, or non-resident citizens, its or his property without due process of law, and denies to such foreign citizen the same rights, immunities and privileges that are accorded to the citizens of this State, and because it denies to such foreign corporation or citizen the equal protection of the law."

It will be seen that counsel for appellant assails the validity of the act upon three separate and distinct grounds: first, because it seeks to deprive the foreign corporation of its property without due process of law; second, that it denies such corporation the same rights, immunities and privileges that are accorded to the citizens of this State; and, third, it denies to such corporation equal protection of the law.

The learned counsel, it seems to us, wholly misapprehends the meaning and scope of the act. The act is prohibitive in its operation. It seeks to prevent foreign corporations from doing business in this State un-

til they have complied with the provisions of the act by filing a copy of their charter or articles of incorporation with the Secretary of State and by appointing an agent in this State to represent them.   If such corporations, in violation of the act, do business in this State, all such transactions are, by the courts, declared null and void, and all contracts made by them with citizens of this State for the sale of goods, wares and merchandise are nullities, and the title to the property sought to be transferred thereby does not pass to and vest in the vendee, but remains in the vendor, the same as if the pretended contract had not been executed.

It is, therefore, clearly seen that the act does not violate the constitutional provision which prevents the taking of property without due process of law, because the act does not take the property of a foreign corporation from it, nor does it give it to another, but lets the title thereof remain in and abide with the corporation; and if the corporation had parted with the possession of its property, under the void contract, and is unable to recover the possession without litigation, then the doors of the courts of this State are open to it, and it stands before the law upon precisely the same footing that residents of this State do—no better, nor no worse. We are unable to see in what way the act in question denies to such corporations the same rights, immunities and privileges that are accorded by law to the citizens of this State, or how it deprives them of the equal protection of the law.   For under the facts of this case a citizen of this State would not be permitted to recover the possession of the property sold to the respondents, nor its value, in case of its conversion, without first refunding or paying back to the respondents the consideration paid by them under the void contract, and received by A. W. Stevens & Son.   He would be estopped from claiming the property until the purchase price had been returned, and for the same reason A. W. Stevens & Son, and its assignee, the ap-

pellant, is estopped in this case. [See cases before cited.]

III.   What has been stated in paragraph two of this opinion also answers, in the negative, the contention of appellant, that the judgment in this case "takes private property for private use." Neither the act in question nor the judgment of the court takes or disturbs the title of the property. The title remains just where A. W. Stevens & Son placed it, subject to the equities created against it by the conduct and action of the parties at the time of the. pretended sale of the property to respondents.

IV.   Respondents contend that where a contract is illegal and void because contrary to the policy and laws of the State, the courts will not only refuse to aid those seeking to enforce such an illegal contract, but will not lend their assistance to those attempting to escape from it, and cite in support of that contention the cases of Downing v. Ringer, 7 Mo. 585, and Mason v. Pitt, 21 Mo. 392. The first case mentioned was a suit on a promissory note, given as part payment of the purchase price of a lot of ground in the town of Philadelphia, Marion county, Missouri. The defense interposed was a statute of 1835, which imposed a penalty upon the proprietor of a town, village or of an addition thereto for selling a lot therein before recording the plat or map thereof. The court held that the sale was in violation of the statute, and that the vendor could not recover the purchase money, because the court would not aid him in doing that which was prohibited by law.

The court in the latter case, in commenting upon the former, stated: "If a vendee of a lot in such a town, knowing that the plat is unrecorded when he purchased, should bring an action to enforce a specific performance of the contract of sale, he might be met with the statute."

We are of the opinion that both of those cases were correctly decided, upon both principle and authority, because if the court had permitted a recovery in either case, it would have necessarily given full force and effect to a contract which was forbidden to be made by the statute. But we are unable to see the application of the principle involved in those cases to the facts of the case at bar. Here there is no attempt to enforce the provisions of the illegal and void contract between A. W. Stevens & Son and the respondents, but, upon the contrary, all the parties to this suit, as well as Stevens & Son, concede the illegality of that contract, and that by reason thereof the title to the property never passed from the corporation nor vested in the respondents. That being true, the appellant contends that he had a perfect legal right to go to New York and purchase the property in controversy from the owner, A. W. Stevens & Son. This contract of purchase, not having been made in this State, is free from the provisions of the act of the Legislature above mentioned. That act is intended to prohibit foreign corporations from doing business and making contracts in this State before they comply with the provisions of our statutes. It was not the intention of the Legislature to prohibit the enforcement of valid contracts made by foreign corporations in their own States with citizens of this State. There is nothing in our laws which denies the right of such corporations to enforce valid contracts, whether made in this State or not. It must therefore follow that when appellant in New York purchased the undisputed title of A. W. Stevens & Son to the property in controversy, the doors of our courts are open to him and will aid him in the enforcement of his legal rights.

This court, in the case of Kelerher v. Henderson, (Mo.), 101 S. W. 1083, in discussing this same question, used the following language: ''The law does not impress upon the subject-matter of the contract its stamp

of condemnation, but upon the contract itself.  Unless the plaintiffs' contract, by which they seek to enforce their right, is infected with champerty, we see no reason why this suit may not be maintained, though such a contract exists between the defendant and the bondholders.  It is time enough to turn a party out of court when he asks the aid of a court to enforce such a contract.''  And the court further said in that case: ''The fact that certain collateral portions of the contract or transaction which is before the court are tainted with illegality, that fact will not defeat a recovery upon the other provisions of the contract, which in themselves give a complete cause of action without the assistance of the infected portions. [Vette v. Geist, 155 Mo. 27.]''

The facts in this case do not lead the appellant as near the danger line as did the facts in the Kelerher case lead him.  In fact, the contract between A. W. Stevens & Son and the respondents is not even a collateral part of the contract existing between the appellant and A. W. Stevens & Son.  [Euneau v. Rieger, 105 Mo. l. c. 682; Bick v. Overfelt, 88 Mo. App. 139.]

For the reasons above stated the judgment of the circuit court is affirmed.  All concur.