## THERESA ALTHOFF v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division Two, May 14, 1907.

1. **NEGLIGENCE: Release: Rescission.** No difference in the law of accord and satisfaction, as applied to ordinary contracts and as applied to settlements of a cause of action in a personal injury case, is made by section 654, Revised Statutes 1899. In either case, the plaintiff must rescind the contract or settlement within a reasonable time after discovering the fraud, and before the institution of the suit.

2. ——: ——: ——: **Reasonable Time.** What is a reasonable time in which to rescind a release or settlement of plaintiff's claim against a street railway company for the negligent killing of her husband, is for the jury to determine. The court cannot declare, as a matter of law, what would be a reasonable time, in any given case, in which to tender back the money given in release.

3. ——: ——: ——: ——: **Waiver.** By failure to ask an instruction on the subject of reasonable time, the question of whether or not the contract of settlement was timely rescinded, is waived.

4. **OMITTED INSTRUCTION: How Preserved for Appeal.** Appellant's refused instruction which was omitted from the bill of exceptions, cannot be preserved for consideration on appeal by being printed in the abstract in connection with the circuit clerk's indorsement thereon to the effect that it was offered, refused, and filed at the time. The bill of exceptions imports verity, and such an instruction can be considered only when made a part of the bill, and if it has been omitted therefrom it should be added thereto by a *nunc pro tunc* order in the trial court amending the bill.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

Althoff v. Transit Co.

Affirmed.

*Glendy B. Arnold* for appellant; *Boyle & Priest* of counsel.

The demurrer to the evidence should have been sustained. In an action at law if a plaintiff has received money from defendant and which is intended by defendant as a consideration for a release of the cause of action sued on, it is a prerequisite to plaintiff's right to sue that promptly on discovery of the fraud he return or offer to return the defendant the money thus received. Stewart v. Rector, 1 Mo. 361; Jarrett v. Morton, 44 Mo. 276; Estes v. Reynolds, 75 Mo. 563; Taylor v. Short, 107 Mo. 384; Robinson v. Siple, 129 Mo. 208; Och v. Railroad, 130 Mo. 27; Carson v. Smith, 133 Mo. 614; Schultz v. Christman, 6 Mo. App. 338; Cahn v. Reid, 18 Mo. App. 115; Poe v. Stockton, 39 Mo. App. 550; Alexander v. Railroad, 54 Mo. App. 66; Retzer v. Dold Packing Co., 58 Mo. App. 264; Banking Co. v. Insurance Co., 75 Mo. App. 310; Smith v. Kander, 85 Mo. App. 33; Lomax v. Railroad, 95 S. W. 945; Robertson v. Fuller Constr. Co., 115 Mo. App. 456; Cleary v. Electric Light Co., 19 N. Y. S. 951; Insurance Co. v. Howard, 111 Ind. 544; Gould v. Bank, 86 N. Y. 75; Vandervelden v. Railroad, 61 Fed. 51; Hill v. Railroad, 113 Fed. 914; Levister v. Railroad, 35 S. E. 207; Railroad v. McElroy, 37 S. W. 844.

*A. R. Taylor* for respondent.

(1) Under section 654, Revised Statutes 1899, appellant's contention is put at rest. (2) Under the statute there was no necessity to tender back the $20 either before or after the institution of the suit, though the evidence shows that the tender was made, both before and after the suit was begun, and refused. The statute contemplates that such a plea shall only be met when presented, that it is not necessary to anticipate such a

defense, if in fact it is a false one, for the law allows even to a tortfeasor the presumption that he will not undertake to consummate a fraud which he has attempted — allows even to the wicked a *locus peniten-tiae*. (3) As to the contention that plaintiff did not tender back the $20 promptly, we answer that she was stricken for many months; that as soon as she was able to do so, she employed counsel, gave him money to tender back. One witness says it was tendered back, brought two suits before this, and when bringing this went to the office before bringing this suit to tender it back, and returned the next day and tendered it back. This was all done in less than one year after contact with the negligent management of appellant's cars. She deserves credit, if stricken as the record shows, for her promptitude in trying to assert her rights.

FOX, P. J.—This was a suit instituted in the circuit court of the city of St. Louis, seeking to recover damages for personal injuries sustained by the plaintiff, through the negligence of the defendant, by permitting a collision to occur between two of its cars, upon one of which she was a passenger, and thereby permanently injured her.

The answer was a general denial and a plea of release and discharge executed by plaintiff, by which, in consideration of twenty dollars paid her, she discharged defendant of all liability on account of said injuries.

The reply admitted the execution of the release and further stated that at the time she signed the alleged contract of release she was incapable of mind and memory to understand its nature and contents or to contract, and that said release was not her act and deed. The reply also alleged deception and fraud practiced upon her by the agent of defendant in the procurement of said release; and that she had tendered back to de-

fendant the twenty dollars paid her as the consideration of her signing the release before the institution of this suit, which was duly verified.

We deem it unnecessary to set out in detail the testimony developed at the trial; it is sufficient to enable us to determine the one legal proposition disclosed by the record, to state merely what the evidence tended to prove.

Upon the trial had before the court and jury the plaintiff introduced evidence tending to prove all the allegations of the petition. The defendant then introduced evidence tending to support its answer, and in rebuttal the plaintiff adduced evidence tending to sustain the reply. At the close of plaintiff's evidence in chief defendant offered a demurrer thereto, and renewed same at the close of all the evidence in the case, both of which were by the court refused, and exceptions were duly saved. The court then, without objections, gave appropriate instructions for both plaintiff and defendant, submitting the issues made by the pleadings to the jury. The jury found for the plaintiff and assessed her damages at the sum of $3,480, after deducting the twenty dollars paid her for the release.

Defendant in due time filed its motions for a new trial and in arrest of judgment, which were by the court overruled, and defendant duly excepted and has appealed the same to this court.

### OPINION.

### I.

This cause comes to this court because a constitutional question was involved, but as it has not been urged here we will disregard it and pass to the only other point made in the case.

## II.

The defendant complains of the action of the court in refusing to give its demurrer to the plaintiff's evidence, and assigns as the reason thereof, that when in an action at law, the plaintiff has received money from and which is intended by defendant as a consideration for a release of the cause of action sued on, it is a prerequisite to plaintiff's right to sue, that promptly on discovery of the fraud, she return or offer to return to defendant the money so received. In discussing this question Judge BLISS clearly stated the rule in this language: "But the plaintiff finds the note less than he expected and complains that he is deceived. And what does he do. Does he at once, upon discovery of the deception, look up the defendant and repudiate the settlement? Not at all. But he holds on to the price of the settlement, collects the note, pockets its proceeds, and still treats the claim as never having been adjusted. This the law will never permit. If the plaintiff would repudiate the settlement, he must put the other party in the same condition he was before it was made. He cannot appropriate its benefit and deny its obligations. There never was but one doctrine upon this subject; and the books are full of decisions that if a party would rescind a contract for fraud or other cause, he must, as far as in his power, put the other party in the condition he would have been in had the contract not been made. Before commencing proceedings on his original claim, the plaintiff should tender back the note he received of defendant — should have repudiated the settlement — and then he would have been at liberty to impeach it if set up against his claim." [Jarrett v. Morton, 44 Mo. 275-6.]

The repudiation of the contract and the tender back of the consideration received in settlement of the claim, must be made within a reasonable time after the discovery of the fraud. [See, also, Estes v. Reynolds,

75 Mo. 563; Taylor v. Short, 107 Mo. 384; Robinson v. Siple, 129 Mo. 208; Och v. Railroad, 130 Mo. 27; Carson v. Smith, 133 Mo. l. c. 614.]

Plaintiff attempts to draw a distinction between the application of this rule to the rescission of ordinary contracts and those contemplated in section 654, Revised Statutes 1899. We are unable to concur in this view of the learned counsel for plaintiff. Prior to the enactment of that section of the statute, such a release and discharge had to be set aside by a court of equity in a separate proceeding upon the ground of fraud, before commencing proceedings upon the original cause of action. [Och v. Railroad, 130 Mo. 27.]

It was not the purpose of the Legislature, by the enactment of that section, to change the law of accord and satisfaction, and the rules governing the rescission of contracts of settlements upon the grounds of fraud, but the clear intention was to avoid a multiplicity of suits, by authorizing the fraud issue to be tried by the jury at the same time and in the same case involving the original cause of action. But we are unable to see in what manner that rule can benefit the defendant in this case. The reply pleads the repudiation of the contract of settlement and a tender of the twenty dollars back to defendant before the institution of this suit, and the evidence shows that prior to its institution, and in fact prior to the institution of the former suit, she tendered defendant the twenty dollars paid her by it. Two or three witnesses testified that those tenders were made and there was no evidence introduced to the contrary. The court cannot declare as a matter of law, in any given case, what would be a reasonable time within which to make the tender. That is a question of fact for the jury to determine according to the facts and circumstances of each case, under the guidance of proper instructions to be given by the court. The record in this cause nowhere shows that any such instruc-

tion was asked or given by the court, and there is therefore no such question presented here for our consideration. By failing to ask such an instruction the reasonableness of the time in which the tender in this case was made, was waived by defendant, and consequently the jury was not required to pass upon that fact.

### III.

On page 101 of the abstract of record filed in this cause, which is a part of the bill of exceptions, there is attached a printed sheet of paper headed, "Defendant's Refused Instruction." Then follows what purports to be an instruction asked by defendant and refused by the court. Then following that instruction is the following statement: "The foregoing instruction was inadvertently omitted from the bill of exceptions, but in order to prove that it was requested by defendant we print the following endorsement by the clerk on the back of the instruction, to-wit:

"26457   1
Althoff
v.
Transit Co.
Instructions refused.
Filed March 9, 1904.
              "WM H. HAUSCHULTE, Clerk."

Also on the margin of the instruction in the handwriting of the court is the following: "Refused. H."

The bill of exceptions, after proper authentication and filing, constitutes a part of the record in the case, and carries with it absolute verity, and it cannot be changed or amended, added to or taken from in the way as herein suggested. Such changes can only be made by proper *nunc pro tunc* entries in the trial court based upon sufficient memoranda to authorize the court to make such entries correcting the record. [Ross v. Rail-

road, 141 Mo. 1. c. 395; State v. Gartrell, 171 Mo. 1. c. 504; State v. Libby, 203 Mo. 596.]

We have fully indicated our views upon the only legal proposition disclosed in the brief of counsel, and finding no reversible error the judgment of the trial court should be affirmed, and it is so ordered.

All concur.