COLBURN & HAMILTON, Plaintiffs in Error, v. THE
BRUNSWICK FLOUR COMPANY,
Defendant in Error.

Kansas City of Appeals, April 25, 1892.

1. **Evidence**: REJECTION OF, WHEN NON-PREJUDICIAL. When the admission of evidence could not vary the result, its rejection is non-prejudicial.

2. **Practice, Appellate**: ABSTRACT OF EVIDENCE: DEMURRER. In order for the appellate court to review the action of the trial court in refusing to give a peremptory instruction, the evidence must be set out in the abstract.

3. ———: ABSENCE OF JUDGE: MOTION FOR NEW TRIAL. While it is improper for a trial judge, with or without consent, to absent himself from the court-room during argument, still the judgment cannot be impeached on that account unless such impropriety is made one of the grounds of the motion for a new trial.

4. ———: OBJECTION: EXCEPTION: REMARKS OF COUNSEL: TEMPORARY JUDGE. Though remarks of counsel be improper, unless objection is made to the judge (though a temporary one) there is nothing on which to base an exception for appellate review.

*Appeal from the Chariton Circuit Court.*—HON. G. D.
BURGESS, Judge.

AFFIRMED.

*Ashley & Gilbert*, for plaintiffs in error.

(1) The checks of Canine & Co., to Balch's order, and indorsed by him (which indorsement he admitted to be genuine), offered in evidence by plaintiff in rebuttal, were clearly admissible, *first*, because they threw light on Balch's relation to the Brunswick Flour Company, and, *secondly*, for the reason that they directly contradicted the testimony of defendant Balch.

1 Greenleaf on Evidence [13 Ed.] sec. 462; 5 Wait's Actions & Defenses, p. 113, and cases therein cited. (2) When law and evidence are as overwhelmingly in favor of plaintiff as in this case, an appellate court will remand cause for failure of trial court to give peremptory instructions for plaintiff. *Runnell v. Hayes*, 83 Mo. 200; *Morris v. Barnes' Adm'r*, 35 Mo. 412. (3) It is reversible error for trial judge to leave the courtroom during the argument of counsel to jury, even though counsel consent. 1 Thompson on Trials, p. 211; *Davis v. Wilson*, 65 Ill. 525–530; *Brownlee v. Hewitt*, 1 Mo. App. 360; *State ex rel. v. Claudius*, 1 Mo. App. 551. (4) The action of an attorney in appealing to the prejudices of juries, in his argument, to facts foreign to the controversy, unless rebuked by the court, is ground for new trial. *Gibson v. Zeibig*, 24 Mo. App. 65; *State to use v. Finn*, 24 Mo. App. 345; *Fathman v. Tumilty*, 34 Mo. App. 236; 16 American & English Encyclopedia of Law, pp. 526–8; *Martin v. Orndorff*, 22 Iowa, 504; *Ins. Co. v. Cheever*, 36 Ohio St. 210; *Trustees v. Shaw*, 100 Ind. 268.

*Tyson S. Dynes*, for defendant in error.

(1) The checks of Canine & Co., to whom Balch, after taking the stock of goods for his debt, sold out, could have no possible bearing in this case, in rebuttal, or for any other purpose. (2) Where the evidence is not all set out the court will not consider any question as to failure of trial court to give peremptory instruction. And especially so when the record does not show that any such was asked or refused. *Bensberg v. Turk*, 40 Mo. App, 227; *Shaw & Co. v. Bryan*, 39 Mo. App. 523; *Kamerick v. Castleman*, 20 Mo. App. 658; *Riggins v. O'Brien*, 34 Mo. App. 613. This court will not reweigh the evidence. (3) This

court will not pass upon the question as to whether or. not it was error for the trial judge, by consent of counsel, to leave the arguments to be presided over by a special judge. The point is not made in the motion for new trial. R. S. 1889, ch. 63, sec. 2302, p. 590; *Railroad v. Carlisle*, 94 Mo. 166; *Schultz v. Railroad*, 32 Mo. App. 438; *Bank v. Landis*, 34 Mo. App. 433; *Lemoine v. Cook*, 33 Mo. App. 193; *Atkinson v. Dixon*, 96 Mo. 582. (4) As to the questions of the alleged improper remarks of counsel, this court has nothing to pass upon, for the following reasons: *First.* The language is not set out. Only a vague statement thereof is made by one individual who claimed to have been at the argument. *Second.* Although a special judge was presiding, by consent, no objection was made nor exception saved. *State v. Taylor*, 98 Mo. 240; *State v. West*, 95 Mo. 142; *State v. Carter*, 98 Mo. 176; *Railroad v. North*, 31 Mo. App. 351; *Sidekum v. Railroad*, 93 Mo. 400. Even the misconduct of a juror is held to be no ground for reversal unless exception is saved. *Leeser v. Boekhoff*, 38 Mo. App. 444.

SMITH, P. J.—This was a suit brought by plaintiffs against defendants, partners doing business under the name of the Brunswick Flour Company, to recover $434.56 upon a bill of exchange drawn by plaintiffs on and accepted by the Brunswick Flour Company. The defendant Balch in his answer under oath denied that he was at any time a partner or member of the firm known as the Brunswick Flour Company. The abstract does not set forth all the evidence, but only such parts of it as tend to support the plaintiffs' contention. It sets forth no part of the defendant's evidence except so much of the testimony of defendant Balch as was elicited on cross-examination. The defendants had judgment and plaintiffs have appealed.

I.   The first ground of the plaintiffs' complaint is that the trial court erred in rejecting the plaintiffs' offer to introduce in rebuttal the checks of Canine & Co. in favor of defendant Balch.   These checks were all dated after the one sued upon.   They at most prove no more than Balch testified to himself.   He testified, in effect, what the checks were for and that they were paid. They were more corroborative than contradictory of Balch.   They were not offered in chief, but only in rebuttal.   It is not perceived that the action of the court in any way was prejudicial to plaintiffs.   The admission of the checks could not have varied the result.

II.   The plaintiffs complain further that the trial court erred in refusing to give a peremptory instruction to the jury to find for them.   If it is necessary that all the evidence be set out in the abstract in order to enable us to determine upon the propriety of the action of the trial court in the giving of a peremptory instruction as we have decided ( *Christopher v. White*, 42 Mo. App. 429), it follows that a like necessity exists when such an instruction has been refused.   Such evidence is as essential in the one case as in the other.   How can we tell whether the instruction should have been given or not unless we could see all the evidence?   The plaintiff should have set out the evidence as required by rule 15 of this court.   *Goodson v. Railroad*, 23 Mo. App. 76; *State v. Pace*, 33 Mo. App. 458.   Besides this the abstract neither sets forth the instruction nor the ruling of the court thereon.

III.   While it is improper for a trial judge, with or without the consent of counsel, to abdicate the bench and absent himself from the court-room during their argument before the jury, still the judgment cannot be impeached on that account unless such impropriety is made one of the grounds of the motion for a new trial,

which does not appear to have been done in this case. R. S. 1889, ch. 33, sec. 2302, p. 290; *Railroad v. Carlisle*, 94 Mo. 166; *Schultz v. Railroad*, 32 Mo. App. 438; *Bank v. Landis*, 34 Mo. App. 433; *Lemoine v. Cook*, 36 Mo. App. 193.

IV. The remarks alleged to have been made to the jury by counsel for the defendant were in some respects improper and should not have been made, but since the plaintiff did not interpose an objection thereto before the temporary judge then presiding, there was nothing upon which to base an exception. We can only review the action of the trial court in those cases where an exception has been taken and preserved thereto. *Sidekum v. Railroad*, 93 Mo. 400; *State v. Pagel*, 92 Mo. 300; *Leeser v. Boekhoff*, 38 Mo. App. 445.

It follows that the judgment must be affirmed. All concur.