A. P. LOMAX, Respondent, v. SOUTHWEST MISSOURI ELECTRIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 18, 1906.

1. PERSONAL INJURY: Release: Fraud: Evidence. The evidence relating to fraud in securing a release of damages for personal injury is held to be too vague, indefinite and uncertain to be of any practical force and to warrant the jury's verdict for the defendant since the alleged fraud should be supported by satisfactory evidence and not left to rest upon surmise and conjecture.

2. ———: ———: ———: Rescission: Tender: Statute. Notwithstanding section 654, Revised Statutes 1899, it is. necessary upon the rescission of release for personal injury to tender to defendant what the plaintiff had received for such release since the statute determines a matter of practice and is not intended to interfere with the rights of the parties.

3. ———: ———: ———: ———: Evidence: Equity. On evidence held no tender of consideration of the release was made but such tender is necessary in an action at law as it was in equity, since justice demands the restoration to the *status quo* whether at law or in equity.

4. ———: ———: ———: ———: Recovery. The fact that when a release for damages of personal injury is rescinded the plaintiff may recover on the original claim, does not remove the necessity of tendering the consideration for the release since it cannot be foreseen whether such recovery, if any, is had will equal the consideration for the release or no.

5. TRIAL PRACTICE: Setting Aside Verdict: Instruction. Where the plaintiff is without a cause of action, the verdict of the jury should not be set aside even though erroneous instructions were given.

Lomax v. Electric Railway.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

REVERSED AND REMANDED (*with directions*).

*McReynolds & Halliburton* for appellant.

(1) There is no evidence to show fraud in the execution of the release. (2) A release purporting on its face to be a complete settlement and to contain the whole agreement between the parties, has in its favor the strong presumption of validity, which applies to all written instruments, and the evidence to set it aside must be clear, precise and indubitable. 59 Central Law Journal, 404; Hiroland v. Blake, 97 U. S. 624; Ins. Co. v. Nelson, 103 U. S. 544; Railroad v. Shay, 92 Pa. 198; Ivery v. Phillips, 196 Pa. 1; Stull v. Thompson, 154 Pa. 43; Albrecht v. Milwaukee & Superior Co., 87 Wis. 105; Railroad v. Belliwith, 83 Fed. Rep. 437; Upton v. Tribilcock, 91 U. S. 45; Vickers v. Railroad, 71 Fed. Rep. 139; Wallace v. Railroad, 67 Iowa 547; Rice v. Mfg. Co., 2 Cush. 80; Hennessy v. Bacon, 137 U. S. 78-85; Cleveland v. Richardson, 132 U. S. 318; DeDouglass v. Traction Co., 198 Pa. 430. (3) A written release of damages cannot be impeached for fraud not inhering in the execution of the instrument. 59 Central Law Journal, 405; Hill v. Railway, 113 Fed. Rep. 914; Whitehead v. Shattuck, 138 U. S. 146; Johnson v. Granite Co., 53 Fed. Rep. 569; Sheffield v. Witherow, 149 U. S. 574; Lindsay v. Bank, 156 U. S. 485; Vandervelden v. Railway, 61 Fed. Rep. 54; Papke v. Hammond Co., 192 Ill. 631; Windett v. Hurlbut, 115 Ill. 403; Och v. Railway, 130 Mo. 43. (4) The plaintiff did not return or offer to return the money paid him until a trial of this cause commenced, when he deposited the money with the clerk and afterwards within a few days withdrew it, thereby withdrawing his tender of the money,

and the tender was not made until nearly two years after the settlement and was not within a reasonable time. McNealy v. Baldridge, 106 Mo. App. 11-18. (5) It is a general rule that a person seeking to avoid a release on the ground of fraud or misrepresentation cannot maintain his action until he has returned or offered to return what he has received, and the offer should be made at the earliest practical moment. 59 Central Law Journal, 406; Gibson v. Railroad, 164 Pa. 142; Wheeler v. Mather, 56 Ill. 241; Willington v. King, 49 Ill. 449; Wolf v. Dietsch, 75 Ill. 205; Hall v. Fullerton, 69 Ill. 448; McCarty v. Marlette, 80 Ill. 526; Brown v. Hartford Ins. Co., 117 Mass. 479; Bertrand v. St. Louis Transit Co., —, Mo. App. — 82 S. W. 1089; Hancock v. Blackwell, 139 Mo. 453; Roberts v. Central Lead Co., 95 Mo. App. 597; Dwyer v. Railroad, 66 Mo. App. 338; McNealy v. Baldridge, 106 Mo App. 18. (6) It is not ground for the avoidance of a release of damages from personal injuries that the injured person had an erroneous opinion that the injuries were less than they really were and executed release while so believing, 59 Central Law Journal, 406; Railroad v. Willcox, 116 Fed. Rep. 913, reversing 111 Fed. Rep. 435; Kowalke v. Milwaukee, etc., Light Co. (Wis.), 79 N. W. 762; Seeley v. Traction Co., 179 Pa. 134. In Atchison, etc., Railroad v. Bennett, 63 Kan. 781, a settlement was upheld on the general doctrine that an erroneous opinion that an injury was not permanent was not a basis for fraud. Homuth v. Railroad, 129 Mo. 629; McFarland v. Railroad, 125 Mo. 253-277. (7) That one who signed a release did not read it is no ground for its avoidance if the failure to read is the signer's own negligence. It cannot be tolerated that a man shall execute a written instrument and when called upon to abide by its terms say merely he did not read it or know what it contained. 59 Central Law Journal, 408; Albrecht v. Milwaukee, etc., Co., 87 Wis. 105; Railroad v. Belliwith, 83 Fed. Rep. 437; Fuller v. Ins. Co, 36 Wis. 603; Sangner v.

Dun, 47 Wis. 615; Railroad v. Voight, 176 U. S. 498; Railroad v. Difendaffer, 125 Fed. Rep. 893; Upton v. Tribilcock, 91 U. S. 45; Keller v. Orr, 106 Ind. 406; Thoroughgood's Case, 2 Coke 9; Wheeler Wilson Co. v. Long, 9 Ill. App. 463; Railroad v. Smith (Tex. Civ. App.), 68 S. W. 548; Travelers' Ins. Co. v. Henderwon, 69 Fed. Rep. 762; Railroad v. ———, 82 Pa. 198; Hill v. Railroad, 73 N. Y. 351; Mateer v. Railroad, 105 Mo. 320; Ins. Co. v. Hodkins, 66 Me. 109; Andrus v. Smelting Co., 130 U. S. 643; McCormack v. Molburg, 43 Iowa 561; Campbell v. Laramore, 84 Ala. 499; Hawkins v. Hawkins, 50 Cal. 558; Halliher v. Railroad, 59 Iowa 416; The Annie L. Mulford, 107 Fed. Rep. 525; Fivey v. Railroad (N. J. Ct. of App.), 52 Atl. 472; Seeright v. Fletcher, 6 Blackf. 380; Ins. Co. v. McWhorter, 78 Ind. 136; Johnston v. Ins. Co., 93 Mo. App. 590; McNealy v. Baldridge, 106 Mo. App. 18; Mathis v. Stock Yards Co., 185 Mo. 434. (8) Inadequate consideration is not alone sufficient to set aside a release, but is properly considered with other evidence tending to show fraud. 59 Central Law Journal, 409-10; Railroad v. Phillips, 66 Fed. Rep. 35; Forbis v. Railroad, — Mo. App. —, 82 S. W. 562. (9) Under the undisputed facts in this case the verdict was for the right party, and the court erred in granting a new trial even though instruction number 8 was erroneous. Homuth v. Railway, 129 Mo. 629-643; Moore v. Railroad, 176 Mo. 545; Wagner v. Electric Ill. Co., 177 Mo. 60.

*Shannon & Shannon* for respondent.

(1) Where a party makes a representation not knowing whether it is true or false, the consequence is the same as if he knew it to be false. Caldwell v. Henry, 76 Mo. 254; Dunn v. White, 63 Mo. 181; Walsh v. Morse, 80 Mo. 560; Pumroy v. Benton, 57 Mo. 531; Pumroy v. Benton, 77 Mo. 64; Hamilton v. Able, 120 Mo. 188; Dulaney v. Rogers, 64 Mo. 201; McBeth v. Craddock,

28 Mo. App. 380; Ring v. Vogle P. & G. Co., 44 Mo. App. 111. (2) Where the injured party is ignorant and the defendant's surgeon makes a false statement knowing that such statement will be the basis of a settlement, the settlement will be set aside. Lumley v. Railroad, 76 Fed, Rep. 66. (3) In actions at law it is not necessary to tender  back the consideration received for release. The rule requiring a tender in order to the effect of a release is a rule in equity based upon the equitable maxim that he who asks equity must do equity. In an equitable proceeding the relief sought is a cancellation of a release and equity will not exercise its jurisdiction unless it can place the parties *in statu quo*. 24 Am. and Eng. Enc. Law (2 Ed.), pp. 318, 319, 320, 621; Dwyer v. Railroad, 66 Mo. App. 335; Girard v. Carwheel Co., 130 Mo. 27. (4)  Sec. 654, R. S. 1899, making fraud in the procurement of a release of damages available by way of reply in an action for damages does not vest the court in an action at law with power to cancel and set aside a release. It dispenses with the necessity of setting it aside and permits a recovery notwithstanding the existence of a release, where the same was procured by fraud. Therefore it follows that a tender back of the consideration for the release is not necessary. (5) In as much as the statute makes fraud in the procurement of a release available by way of reply where the defense of a release is pleaded in the answer, it necessarily follows that the tender, if necessary at all, would be timely if made in a reply. This is a logical sequence of the rule that a tender made in a bill for cancellation is sufficient. Roberts v. Lead Co., 95 Mo. App. 581. (6) The rule requiring the tender back of the consideration for a release before entertaining jurisdiction to set aside a release being an equitable one, it should not be enforced where it would operate so as to enable a party to retain the fruits of his fraud. In this case the respondent sets up in his reply that the only reason why he did not tender back to the appellant the amount received for the

release in controversy was because he was so poor that he was unable to do so, and the evidence supports this allegation. This is supposed to be a sufficient excuse, even in a court of equity, for not tendering back the consideration for a release. Strodder v. Granite Co., 94 Ga. 626; Bowen v. Achor, 95 Ga. 243. (7) A party need never restore that which in any event of the suit he is entitled to retain. Goodson v. Accident Assn., 91 Mo. App. 339.

ELLISON, J.—There was a collision between two passenger cars on defendant' electric railway in Jasper county. Plaintiff was a passenger on one of the cars and was injured. He brought the present action for damages alleged to have been sustained. A trial resulted in a verdict for the defendant. Afterwards plaintiff's motion for a new trial was sustained and defendant appealed from that order. Defendant's answer besides denying negligence and damage, pleaded a release executed to it by plaintiff after the injury. Plaintiff's reply set up an avoidance of the release by a plea that it was obtained from him by fraud. [R. S. 1899, sec. 654.]

At the opening of the trial, defendant, by its counsel, admitted that the collision was through negligence, though it did not admit that plaintiff was damaged by its act. The main defense of defendant is based upon the release. So far as we can judge by the record, the defendant endeavored to make the release the foremost and principal issue. It offered instructions on no other branch of the case. On the other hand, the plaintiff in the first instance did not refer to the release during his first testimony; and it was not until after he had been cross-examined on the case that it was referred to by him. Then, on redirect examination, he testified concerning it in a very meagre way. On recross-examination his evidence was still more unsatisfactory. He did not offer an instruction on that sub-

ject though all of defendant's (eight in number) were in relation thereto. The only reference to the release in plaintiff's instructions, is contained in a single expression, where, after directing a verdict for plaintiff if certain matters were believed by the jury, there was added, "unless you should find from the evidence and instructions of the court that plaintiff is bound by the release." The fraud charged in plaintiff's reply in avoidance of the release, was not shown in evidence. The evidence in plaintiff's behalf from all sources, offered in support of such charge is far too vague, indefinite and uncertain, to be of any practical force. When the evidence for defendant is considered in such connection, it is not to be wondered that the jury found for defendant.

The charge of fraud should have been supported by satisfactory evidence and not left to rest, as here, upon mere surmise and conjecture. It is not supported by a single positive statement or certain fact. [Hancock v. Blackwell, 139 Mo. 453, 454; Mateer v. Railway, 105 Mo. 320; Mathis v. Railway, 185 Mo. 434, 459.] If a verdict setting aside a release on the evidence in this case could be permitted to stand, it would have the practical effect of annulling all settlements and compromises of disputed claims; things which the law is supposed to look upon with favor.

Notwithstanding the statute (section 654, Revised Statutes 1899) permits plaintiff by reply to an answer setting up a release, to plead that it was procured by fraud, and to permit such issue to be tried by the jury along with the case, yet we are of the opinion that it is necessary to tender to the defendant what he received for such release. Such was held to be the law before the statute was enacted. [Hancock v. Blackwell, 139 Mo. 440, 453; Och v. Railway, 130 Mo. 27, 45; Carson v. Smith, 133 Mo. 606; McNealey v. Baldridge, 106 Mo. App. 11, and other authorities to be found collected in defendant's brief.] The statute determined a matter of

practice; but did not intend to interfere with the rights of the parties. It is a manifest injustice to permit one to retain the fruits of a contract which he claims he was induced to execute through fraud and yet repudiate its obligations, and the statute has not altered the rights of parties arising from such consideration.

It seems that there was, what plaintiff terms a tender, but in which he does not seem to put full faith, inasmuch as an extended effort is made to show that no tender at all was necessary. However that may be, we think that in the circumstances disclosed, there was no tender made which should be recognized by the law. Plaintiff claims that a tender springs out of equitable considerations and that it is not necessary in an action at law where equities cannot be adjusted. But justice may be had without, in all instances, resorting to equity and the necessity for a restoration to the *status quo* may exist as well at law as in equity.

But plaintiff in order to avoid the necessity for a tender says that one need never restore that which in any event of the suit he is entitled to retain. [Goodson v. Ins. Co., 91 Mo. App. 339.] That would be correct if it were true that plaintiff was, in any event of this case, entitled to as much money as he received in compromise and settlement. Such phase of the question was discussed in Alexander v. Railway, 54 Mo. App. 66, 71; Girard v. St. Louis Wheel Co., 123 Mo. 383, 387; Winter v. Railway, 160 Mo. 159, 190. But here, the claim is unliquidated, and if the release is to be cast aside and a trial of the merits had, plaintiff may not show that he was damaged in any sum. But plaintiff suggests that if there should be a verdict for defendant, that would establish the release and he would be entitled to the money he received thereunder. And that if there should be a verdict for the plaintiff, that would establish the invalidity of the release and plaintiff's damages would be reduced by the amount paid for the release. If, however, in such case as this, a defendant should pay *more*

· for the invalid release than a plaintiff should afterwards be awarded, he would find himself in a predicament that the suggestion does not meet.

So on the several phases of the case herein discussed plaintiff is without a cause of action and the verdict should not have been set aside, even though erroneous instructions may have been given. [Moore v. Railway, 176 Mo. 528, 545; Wagner v. Edison Light Co., 177 Mo. 44, 60.]

Since the foregoing was written our attention has been called to the case of Robertson v. Fuller, 115 Mo. App. 456. We do not find any conflict between this and that case.

The order granting a new trial will be reversed and the cause remanded with directions to enter judgment on the verdict. All concur.