## J. B. McGREW, Respondent, v. FRANKLIN M. SMITH, Appellant.

### Kansas City Court of Appeals, March 1, 1909.

**VENDOR AND VENDEE: Rescission: Damages: Tender of Contracts: Forfeiture.** In an action at law to recover back payments on the purchase price of certain lots on the ground of fraud of the vendor in selling them, the vendee must show a rescission of the contract and that at the time he demanded his money of the vendor he tendered back the contract, and until these matters have been done the action is premature. *Held,* on the evidence in the case there was no ground for forfeiture at the time the vendee demanded the return of his money, and the contract, being in force, was a thing of value.

Appeal from Jasper Circuit Court.—*Hon. Haywood Scott,* Judge.

REVERSED.

*Fred W. Kelsey* for appellant.

(1) The plaintiff could not recover on the theory that the contract had been rescinded prior to the institution of the suit. Wright v. Vetter, 54 Mo. App. 384; Poe v. Stockton, 39 Mo. App. 550; Walls v. Gates, 4 Mo. App. 5; Spangler v. Kite, 47 Mo. App. 231; Cahn v. Reid, 18 Mo. App. 115; Crumb v. Wright, 97 Mo. 13. (2) The only theory upon which this suit could be maintained, under the evidence, was that the plaintiff was entitled to a rescission of the contract by a decree in equity, in which judgment could have been rendered for the money paid on the purchase price, but jurisdiction of equitable actions is denied justices of the peace. R. S. 1899, sec. 3837; Miller v. Insurance Co., 68 Mo. App. 19; Sandige v. Hill, 70 Mo. App. 71; Lattin v. McCarty, 41 N. Y. 107; Whetstone v. Beloit Strawboard Co., 76 Wis. 613.

*Frank L. Forlow,* for respondent, filed argument.

JOHNSON, J.—This suit was brought before a justice of the peace to recover money paid by plaintiff to defendant on the purchase price of certain town lots which plaintiff claims he was induced to purchase by false and fraudulent representations made to him by defendant. The statement filed with the justice is in two counts but our concern is only with the cause of action pleaded in the first count. A trial in the circuit court where the cause was taken by appeal resulted in a verdict and judgment for plaintiff in the sum of $90.

Material facts disclosed by the evidence of plaintiff are as follows: Defendant, who lived in Jasper county, owned land adjoining the town of Miami, Ind. Ty., platted it as an addition and proceeded to sell lots. He induced plaintiff and a number of his neighbors who lived near Carterville to go to Miami to examine the property with a view of purchasing lots. The addition was in a cornfield and the lots were not staked off, but defendant exhibited a plat and pointed out the location of the lots to his customers. Plaintiff selected six lots which he agreed to purchase at the price of $30 each. Defendant pretended to give the description of these lots from the plat, but gave wrong lot and block numbers. Written contracts were executed by plaintiff and defendant in which plaintiff agreed to pay down $5 per lot and the remainder of the purchase price in monthly instalments of $2.50 per lot, and defendant agreed to execute and deliver to plaintiff warranty deeds conveying a fee simple title, on payment in full of the purchase price. Further, it was stipulated that the failure of plaintiff to make the required payments would operate as a forfeiture of his rights under the contracts and of the sums already paid thereunder. After plaintiff had paid $90 on the purchase price of all the lots, he discovered on a visit to the property that he had been deceived by defendant. The lots de-

scribed in the contracts were not those he had selected and purchased of defendant, but were inferior in location and of much less value. He returned to Jasper county immediately and first demanded of defendant contracts for the lots he had selected and, on the refusal of compliance with this demand, then demanded the return of the $90 he had paid. This also was refused and plaintiff then brought the present suit—an action at law for damages predicated on the theory that the contracts had been rescinded by plaintiff and that the measure of his damage was the amount paid by him to defendant.

Plaintiff admitted in his testimony that he did not offer to return the contracts to defendant at the time he demanded the repayment of his money or at any time prior to the institution of this suit. He testified: "The Court: Mr. Forlow examined you awhile ago— he was asking you if you ever offered these contracts, Exhibits 3 to 8, back to Mr. Smith? A. No, sir. The Court: You said you never offered them back? A. No, sir, the reason I did not have them with me, I did not have them with me at that time when I stopped there."

The action was prematurely brought. This is not an action in equity for the rescission of the contracts on the ground of fraud, but is a suit at law for the results or consequences of a rescission and, necessarily, is based on the ground that before bringing suit, plaintiff had already exercised his right to rescind. In order to accomplish a rescission, it was indispensable that he should do all he could to restore the *status quo,* and this he could do only by returning or offering to return the contracts (things of value) he had received. Under these instruments which were in his possession, he had acquired certain valuable rights, the retention of which would be incompatible with the rescission of the contracts. The rule thus is aptly stated in Cahn v. Reid & Bunghardt, 18 Mo. App. 115, in a quotation from Pearsal v. Chapin, 44 Pa. St. 9-12:

"In actions of ejectment, replevin, trover, *assumpsit,* or other form, for the purpose of recovering back anything, as on the rescission of a contract, the very first thing to be done, after showing that the plaintiff parted with the thing in pursuance of the contract alleged, is, to show that the plaintiff has rescinded the contract, by doing, or offering to do, all that was necessary and reasonably possible to restore the parties to the condition in which they were before the contract, and then to show that he had good ground to rescind it. This is the order demanded by the very nature of the action. He is not suing for a rescission, or to obtain one, but for the results or consequences of a rescission, on the ground that he has already exercised his right to rescind, given by the law. There is hardly a discordant thought in the reports, that these are the essential elements of a rescission, and of the action founded upon it in case of fraud."

Further, we quote from the Cahn case "where land has been conveyed in exchange for personal property, and the grantee seeks to repudiate the bargain for fraud, he cannot reclaim his goods without tendering a reconveyance; and a mere offer to 'trade back' without such conveyance or tender, is no rescission."

There is nothing in the suggestion that the rights of plaintiff had become forfeited at the time of trial, and, therefore, that the contracts were valueless. No ground of forfeiture existed at the time plaintiff demanded the return of his money and if it had, the forfeiture would not have become operative until defendant had exercised his right to declare it. The contracts being in force at the time of the demand and being things of value, should have been tendered to defendant.

The judgment is reversed. All concur.