JOEL H. NOEL, Respondent, v. LOD HUGHES, Appellant.

Kansas City Court of Appeals, January 2, 1911.

1. **FRAUD AND DECEIT:** Remedies. Where one is induced to enter into a contract by false and fraudulent representations, he has two remedies at law, which are: First, a prompt rescission of the contract and a recovery of whatever money or property he gave on account of the transaction, or second, stand on the contract and recover damages for the tort committed by the fraud.

2. **Contracts:** Rescission. Plaintiff was induced, by false and fraudulent misrepresentations to exchange a note and some money for the note of a third party, endorsed by defendant. After the fraud was discovered, plaintiff demanded of defendant the payment of interest on the latter note, and said nothing about rescinding the trade, nor did he tender back said note and demand the return of the note and money given defendant. *Held*, that plaintiff waived the fraud and elected to stand by the contract.

3. ————: Pleading Proof. In order to maintain an action at law for fraud and deceit in an exchange of property, it is necessary to plead and prove that the right to rescind was exercised and a return of the property received tendered.

Noel v. Hughes.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

REVERSED.

*Ragland & McAllister* for appellant.

*J. H. Whitecotton* and *E. A. Grimes* for respondent.

JOHNSON, J.—This is an action at law to recover damages resulting to plaintiff from fraud and deceit practiced on him by defendant. A trial resulted in a verdict and judgment for plaintiff in the sum of $456.50 and the cause is here on the appeal of defendant.

The facts of the case are as follows: Defendant was indebted to plaintiff, a merchant of Paris, Monroe county, in the sum of $169.30, of which $151.50 was for borrowed money. He applied to plaintiff for more money and offered to sell plaintiff at face value a promissory note of $350 given him by a neighboring farmer and secured by a deed of trust executed by the farmer on his farm of eighty acres in Monroe county. The deed of trust did not disclose the fact that the farm was incumbered by a prior deed of trust and defendant falsely and fraudulently represented to plaintiff that his deed of trust was a first lien on the land. Relying on this statement and supposing that the farm was worth more than the amount of the note held by defendant, plaintiff bought the note at face value and paid the purchase price by the acknowledgment of the payment of defendant's debt to plaintiff and the payment to defendant in money of the difference between that debt and the face of the note. Later, defendant paid plaintiff an installment of interest that matured on the note. Still later, the trustee, in a prior deed of

trust, advertised the land for sale and plaintiff then discovered the falsity of the representations of defendant that his deed of trust was a first lien. The land went to sale and did not realize enough to discharge the lien of the prior deed of trust. Plaintiff, with fresh knowledge that he had been deceived, met defendant and instead of offering to rescind the sale, asked defendant to pay interest due on the note. Plaintiff testified: "When he endorsed the note, I thought he was behind it; I did not ask him to pay the interest until March afterwards; I wanted him to pay the interest because he got the money and did not give me what he promised; did not give me a first lien, and he said it was a first lien; . . . I do not remember what he said when I presented the matter to him; I don't know if he gave me any satisfaction; I don't remember it. I don't think I had any conversation with him about that."

There is evidence tending to show that the maker of the note is insolvent. Defendant denies he represented that the note was secured by a first lien on the land, but for present purposes, we reject his evidence and accept plaintiff's version of the facts. Following the averments of fraud and deceit, the petition alleges: "Plaintiff further states that on or about the ——— day of ———, 1903, and after the 6th day of August, 1903, plaintiff first learned of the fraud aforesaid and that the said note assigned to him was fraudulent and of no value whatever and at once demanded the payment to him of the sum paid by plaintiff to defendant for said fraudulent and insolvent note with interest thereon, and to deliver to defendant said note in proper form, that said defendant failed, refused and neglected to pay to plaintiff said sum paid to defendant for said fraudulent and insolvent note, and that by reason of the fraud aforesaid and the refusal of the defendant to pay plaintiff said sum so fraudulently obtained from plaintiff, plaintiff is damaged, and has sustained damages

in the sum of $330.80 for which said sum plaintiff. prays judgment,'' etc.

There is no allegation in the petition that plaintiff tendered back the note and trust deed to defendant before bringing the suit nor was any tender made at any time either before or after the commencement of the suit.

The remedies at law open to a vendee who is induced to enter into a contract of sale by false and fraudulent representations of the vendor are, first, a prompt rescission of the contract and a recovery of whatever money or property the vendee gave to the vendor on account of the transaction, or, second, the vendee may stand on the contract and recover damages for the tort committed by the vendor in inducing the sale by fraud. [Harms v. Wolf, 114 Mo. App. l. c. 394.] The cause of action pleaded in the petition is at law for the results or consequences of a rescission and necessarily is based on the ground that before bringing the suit, plaintiff had already exercised his right to rescind. In order to maintain that kind of an action, it was incumbent on plaintiff to plead and prove that he had seasonably offered to return to defendant the note and deed of trust he had been induced to purchase. He had to offer to restore the *status quo* before he could maintain an action at law for the consequences of a rescission. [McGrew v. Smith, 136 Mo. App. 343; Landon v. Tucker, 130 Mo. App. 704; Cahn v. Reid, 18 Mo. App. 115.]

The evidence of plaintiff not only fails to sustain the cause of action pleaded but affirmatively disproves it. Instead of demanding back from defendant the money and property he had given him in exchange for the note and deed of trust, plaintiff, with full knowledge of the fraud, demanded payment of interest on the note, thereby expressing his election to stand by the contract. The learned trial judge permitted him to recover on an entirely different cause of action from

that pleaded. This was error. No rule is better settled than that which holds a plaintiff to a recovery only on the precise cause pleaded in his petition.

Counsel for plaintiff appear to think that an offer to return the note and deed of trust would have been but an idle and useless ceremony since they were valueless on account of the insolvency of the maker of the note and the fact that the land had been sold under a prior trust deed. We do not agree with this view. A note of an insolvent maker cannot be held wholly valueless. We said in the recent case of Implement Co. v. Ellis, 125 Mo. App. l. c. 698: ''The rule announced in this court in an opinion by Judge SMITH in which it was stated that the fact that the notes were upon insolvent parties did not alter the rule. For, as stated by him, 'the insolvent of today may be the man of fortune tomorrow.' '' [Chemical Co. v. Nichols, 66 Mo. App. 678.]

We may add in conclusion, we entertain the opinion that the testimony of plaintiff shows that he waived the fraud, relying on the supposition that he could hold defendant on his indorsement of the note, but it is not necessary to go into that subject since we find the judgment must be reversed on the ground that the evidence of plaintiff disproves the cause pleaded or any amendment thereof that could be made under the rules of pleading.

The judgment is reversed. All concur.