EMMA BOEHM, Appellant, v. AMERICAN PATRIOTS, Respondent.

St. Louis Court of Appeals.   Submitted on Briefs January 8, 1913.
Opinion Filed March 5, 1913.

1. **RELEASES: Rescission: Tender.** In order to set aside a release of a cause of action, given in consideration of a check, on the ground it was obtained through fraud, it is necessary that the plaintiff tender the check to the defendant, before the suit is instituted.

2. ———: ———: ———: **Waiver: Effect of Pleading Release.** The mere fact that the defendant pleads a release of a cause of action sued upon does not establish that a tender, prior to institution of the suit, of the consideration for the release, which plaintiff alleges was fraudulently obtained, would have been refused by defendant.

3. ———: ———: ———: ———: **Pleading.** It is as necessary to allege facts that go to avoid the necessity of a tender as it is to prove them.

Appeal from Louisiana Court of Common Pleas.— *Hon. William T. Ragland,* Judge.

AFFIRMED.

*D. A. Ball* for appellant.

*John W. Matson* for respondent.

It was the duty of the appellant to allege and prove that the release was not only fraudulently obtained but that the check was tendered back before suit brought. Carroll v. United Ry. Co., 157 Mo. App. 247; Kingman-Moore Implement Co. v. Ernest S. Ellis, 125 Mo. App. 692.

REYNOLDS, P. J.—In this action plaintiff sought to recover on a certificate issued to her husband, a member of an association organized under the laws relating to benevolent associations, the association of which the husband was a member having afterwards transferred all its members to another association of like character, the latter assuming all the obligations of the former. The loss under the certificate in case of death was payable to plaintiff. Averring these facts and that all the dues and assessments levied under the constitution and by-laws of the association had been paid by her husband, she demands judgment for the amount of the certificate, $1000.

In and by the answer, after admitting the incorporation of the two concerns and that defendant had assumed the obligations of the association which had originally issued the certificate, the defendant pleads a release in which, in consideration of $100 paid plaintiff in compromise of all claims of plaintiff, it is averred that she had released and discharged defendant from all liability under the policy, defendant denying any liability on the contract.

By way of reply plaintiff sets up that the release had been obtained through fraud and avers that plaintiff had not collected the $100 specified in the release nor had the sum of $100 ever been paid her but that a check was given to her "which she now tenders back to the defendants in this case and files it with her reply," setting out the check, which is in the ordinary form and for $100, and purports to be "for full payment of death claim" on the certificate.

On these pleadings the defendant moved for judgment. That motion was sustained and plaintiff has appealed.

By her own receipt plaintiff acknowledged having received the check as money. As she retained the check until after the institution of the action by her, she cannot now claim that she did not receive money or money's worth. There is no pretense that the check would not have been paid if presented; no pretense that she demanded cash, money. Such as it was, she received and retained it. That a fraud was perpetrated on her is not that a check and not money was given her, but that she executed a release for $100, induced to do so by fraud. She took the check as money at the time and in order to avail herself of the alleged fraud in obtaining the release from her she should have tendered back what she received, whether that was money or a check, prior to the institution of her action. That was decided by our court in Carroll v. United Railways Co., 157 Mo. App. 247, l. c. 289, 293 inclusive, 137 S. W. 303. See also Kingman-Moore Implement Co. v. Ellis, 125 Mo. App. 692, l. c. 695 *et seq.*, and cases cited page 696, 103 S. W. 127.

Counsel for appellant claim that the necessity for a tender of whatever was received prior to the institution of the action was avoided in the case at bar because the very fact that defendant pleaded the release shows that a tender would have been unnecessary. We considered that proposition in Carroll v. United Rail-

ways Co., supra, 1. c. 295, and there held that that re-
sult did not follow; that because defendant pleaded the
release, it did not follow that had tender been made be-
fore action brought, it would have been refused. This
is not such a case as was presented in Goodson v.
National Masonic Accident Association, 91 Mo. App.
339. We see no reason to change this view. It is just
as necessary to allege facts which go to avoid the neces-
sity of a tender as it is to prove them. Merely plead-
ing the release in bar of the action does not do that.
On the authority of the Carroll and Ellis cases, supra,
we hold that the action of the trial court in sustaining
the motion for judgment on the pleadings was correct.
That judgment is affirmed. *Nortoni* and *Allen, JJ.,*
concur.