E. J. PUTNAM, Appellant, v. JEROME BOYER et al., Respondents.

Springfield Court of Appeals, July 28, 1913.

1. ACTIONS: Release of: Rescinding: Requirements for. When a release of a cause of action has been given by plaintiff and such plaintiff, by reply to an answer setting up such release seeks to avoid or rescind it by pleading fraud in its procurement, plaintiff must also plead and prove a return or tender of the amount paid for such release, unless the amount paid is conceded to be due in any event or unless it is a part payment of an undisputed liquidated demand.

2. ———: Fraud: Release Rescinded, When. This rule applies where a person has given a written release of a cause of action and afterwards attempts to rescind same because of fraudulent representations on the part of the person to whom the release was given; having to do with untrue representations of outside matters made to procure his signature.

3. RELEASE: For Smaller Amount Than Claimed: Binding, When. A release given for a less sum than is claimed to be due is binding between the parties when the amount of the claim is unliquidated or where there is a bona fide disagreement as to the sum actually due.

4. **APPEAL AND ERROR: Error in Trial: When Affirmed Not-withstanding.** Where plaintiff is not entitled to judgment in any event, the case cannot be reversed on his appeal for error occurring during the trial, the judgment being for the right party regardless of the error.

5. **TRIAL JUDGE: Presence Throughout Trial.** It is the duty of the trial judge to be present from the opening to the closing of the trial. If he finds it necessary to absent himself from the court when a trial is in progress, he should suspend all proceedings until his return.

Appeal from Howell County Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*J. N. Burroughs*, for appellant.

(1) The verdict of the jury was for the wrong party. It should have been for the plaintiff. (2) It was error for the Judge to leave the court room during the progress of the trial. Berst v. Moxom, 145 S. W. 857.

*M. E. Morrow* for respondents.

(1) Appellant says the verdict was for the wrong party; that it should have been for him. This court does not weigh the evidence—that is left to the trial court and jury. Schultze v. Railroad, 32 Mo. App. 451; Browning v. Dorton, 143 Mo. App. 249; Brewing Co. v. St. Louis, 209 Mo. 600; Cobb v. Holloway, 129 Mo. App. 212; Ghere v. Zey, 128 Mo. App. 362; Brod v. Transit Co., 115 Mo. App. 202; Lackland v. Coal Co., 110 Mo. App. 634. (2) Though irrelevant evidence has been admitted, yet if there is competent evidence to support the verdict, its admission furnishes no ground for setting aside the verdict. Carter v. Oster, 134 Mo. App 146, 152. (3) While it is error for the trial judge to leave the court room during the trial of the

case, yet if the party does not object and save his exceptions at the time, he cannot thereafter be heard to complain. Nichols and Shepard Co. v. Metzger, 43 Mo. App. 607; Gorham v. Stock Yards Co., 92 N. W. (Iowa) 698. (4) To avoid or rescind the contract of a settlement in full as evidenced by the receipt, before beginning his action, plaintiff must have repaid defendants, or tendered payment of the fruits which he received from them by reason of said settlement, viz., the $250. Smith v. Kander, 85 Mo. App. 33; Och v. Railroad, 130 Mo. 27; Alexander v. Railroad, 54 Mo. App. 66; Girard v. Wheel Co., 123 Mo. 379, 390; Berry v. Railroad, 223 Mo. 358; Carson v. Smith, 133 Mo. 614; Estes v. Reynolds, 75 Mo. 563; Taylor v. Short, 107 Mo. 384; Robinson v. Siple, 129 Mo. 208; (5) Objection to a pleading, for not stating a cause of action, may be raised for first time in appellate court, even though no exception be taken to action of trial court thereon. Peltz v. Eichele, 62 Mo. 177; Bateson v. Clark, 37 Mo. 31. (6) The appellate court will not reverse a judgment unless it shall believe that error was committed against the appellant that materially affected the merits of the action. Sec. 2082, R. S. 1909; Woody v. Railroad, 104 Mo. App. 678; Treeland v. Williamson, 220 Mo. 217; Logan v. Field, 192 Mo. 54; Stumpe v. Kopp, 201 Mo. 412; Mann v. Doerr, 222 Mo. 1.

STURGIS, J.—The plaintiff sues the defendants for $1450, alleging that defendants agreed to pay plaintiff five per cent commission on a real estate trade of which plaintiff was the procuring cause, the commission to be based on the consideration of the trade which was $34,000, making the total commission due him $1700, of which defendants paid $250. The answer denied that defendants had so promised or that plaintiff was the procuring cause of the trade and denied that defendants owed the plaintiff anything;

and further averred that, after the trade had been
consummated, in order to avoid litigation with plain-
tiff they paid him the sum of $250, which plaintiff
agreed to and did accept in full payment of his claim
for commission on the basis of $250 as a complete
settlement.    The reply of plaintiff admitted the pay-
ment of the $250. and the execution of a receipt for
that amount in full settlement of the claim, but that
same was obtained by false and fraudulent representa-
tions relating to defendants' insolvency and the inability
of plaintiff to collect anything, and "that plaintiff
would not have signed same had he not believed and
relied on such representations as being true."    The
defendants demurred to this reply on this and other
grounds:    "Because in said reply the plaintiff admits
that he signed the receipt mentioned in defendant's
said second count of their answers, and accepted the
$250 paid plaintiff by the defendants; and said reply
does not allege that said $250 has ever been repaid to
the defendants or that said repayment was ever
tendered; and no such payment is now tendered by
plaintiff, when he seeks to avoid the effect of such full
receipt against him in this court."

The *demurrer* (more properly a motion to strike
out) being overruled, the defendant by *rejoinder* pro-
tested against being required to plead to said answer
or go to trial thereon for the reason that plaintiff has
never paid nor tendered payment to defendants of the
$250 paid plaintiff by defendants in full and complete
settlement of plaintiff's cause of action, but denied
the fraud and set up some new matters as to plaintiff's
knowledge of defendants' solvency before he finally
accepted the $250 in full settlement.    We find no
*surrejoinder* in the case.

On a trial the jury found a verdict for defendants.
The errors assigned are that the verdict is against the
law and evidence, and that the judge of the court
absented himself from the court room during the

progress of the trial and while counsel for defendants was arguing the case to the jury.

It is urged in this court, as it was in the lower court, that defendants are entitled on the pleadings and uncontroverted facts of the case to the same judgment as was later awarded to them on the verdict of the jury; that the court should have stricken out of the reply the part setting up the procurement of the release by fraud and should have directed a verdict for defendants at the close of the evidence. The pleadings admit, and the uncontradicted evidence shows, that defendants were denying all liability to plaintiff for commissions and that after much controversy and several attempts at settlement the defendants paid plaintiff the sum of $250, and plaintiff executed and delivered to them this receipt:

"West Plains, Mo., March 20, 1911. Received of B. B. Heafford for Jerome W. Boyer and L. F. Boyer, two hundred and twenty-five dollars ($225) in full payment for services rendered on account of the trade of the Louisiana land to T. J. Walton. E. J. Putnam."

The plaintiff, while admitting the giving of this receipt, and the payment of the money to him in full settlement of the claim he now sues for, seeks to avoid the effect of the same by pleading fraud in its procurement without at any time returning, or offer to return, the money so paid him. Can he do this? We think not.

The law seems to be settled in this State that, when a release of a cause of action has been given by plaintiff and such plaintiff by reply to an answer setting up such release seeks to avoid or rescind such release by pleading fraud in its procurement, plaintiff must also plead and prove a return or tender of the amount paid for such release. No right of action accrues to plaintiff without such return or tender. [Boehm v. American Patriots, 172 Mo. App. 104, 154 S. W. 448; Carroll v. United Railways, 157 Mo. App. 247, 289, 137 S. W. 303; Lomax v. Electric Railway, 119 Mo. App. 192,

198, 95 S. W. 945; Implement Co. v. Ellis, 125 Mo. App. 692, 103 S. W. 127; Hancock v. Blackwell, 139 Mo. 440, 453, 41 S. W. 205; Althoff v. Transit Co., 204 Mo. 166, 171, 102 S. W. 642; Noel v. Hughes, 152 Mo. App. 192, 133 S. W. 385; Jarrett v. Morton, 44 Mo. 275.]

It should be noted that the character of the fraud relied on in this case is that described in State ex rel. v. Stuart, 111 Mo. App. 478, 492, 86 S. W. 471 as follows: "The fraudulent.conduct of Stuart, relied on to annul the contract releasing relator's interest in the estate, was not fraud going to the contents of the instruments relator signed, but untrue representations of outside matters made to induce him to sign them. The relator knew the contents of the instruments and, according to his own statement, objected to signing them, but was led to do so by a representation of Stuart concerning the assets of the estate." It is different from a release or acquittance which can be disregarded when pleaded as a defense to an action at law, if it appears that the party who executed it was misled as to its meaning and effect, or was incapacitated through mental infirmity, disease, or otherwise to make a contract. [Koffman v. Railroad, 95 Mo. App. 459, 471, 68 S. W. 212.]

This case is to be distinguished, as pointed out in Boehm v. American Patriots, 172 Mo. App. 104, 154 S. W. 448, supra, from such cases as Goodson v. Accident Association, 91 Mo. App. 339, and Crowder v. Casualty Co., 115 Mo. App. 535, 540, 91 S. W. 1016. What is there said as to a tender not being necessary relates to cases where the amount paid is conceded to be due in any event or where it is part payment of an undisputed liquidated demand. As pointed out in St. Joseph School Board v. Hull, 72 Mo. App. 403, a release given for a less sum than is claimed to be due is valid and binding between the parties when the amount of the claim is unliquidated or there is a bona fide disagreement as to the sum actually due. It was said

in Goodson v. Accident Association, supra, as follows: "Neither do we think that it was necessary for plaintiffs to tender to defendant the $1000 received by Mrs. Graves. The rule, in that respect, is that a party need never restore that which in any event of the dispute he is entitled to retain. [Alexander v. Railway, 54 Mo. App. 66; Winter v. Railway, 73 Mo. App. 173, and same case, 160 Mo. 159.]"

This distinction is made in Lomax v. Electric Railway Co., 119 Mo. App. 192, 199, 95 S. W. 945, as follows: "It is manifest injustice to permit one to retain the fruits of a contract which he claims he was induced to execute through fraud and yet repudiate its obligations, and the statute has not altered the rights of parties arising from such consideration. . . . But plaintiff in order to avoid the necessity for a tender says that one need never restore that which in any event of the suit he is entitled to retain. [Goodson v. Ins. Co., 91 Mo. App. 339.] That would be correct if it were true that plaintiff was, in any event of this case, entitled to as much money as he received in compromise and settlement. Such phase of the question was discussed in Alexander v. Railway, 54 Mo. App. 66, 71; Girard v. St. Louis Wheel Co., 123 Mo. 383, 387; Winter v. Railway, 160 Mo. 159, 190. But here, the claim is unliquidated, and if the release is to be cast aside and a trial of the merits had, plaintiff may not show that he was damaged in any sum. But plaintiff suggests that if there should be a verdict for defendant, that would establish the release and he would be entitled to the money he received thereunder. And that if there should be a verdict for the plaintiff, that would establish the invalidity of the release and plaintiff's damages would be reduced by the amount paid for the release. If, however, in such case as this, a defendant should pay *more* for the invalid release than a plaintiff should afterwards be awarded, he

would find himself in a predicament that the sug- gestion does not meet.".

This last case holds, as we must here, that where plaintiff is not entitled to judgment in any event the case cannot be reversed on his appeal for error occurring during the trial. The judgment is for the right party regardless of any error at the trial.

This renders it unnecessary to decide the alleged error of the trial judge absenting himself from the court room during the actual progress of the trial. We will not, however, pass it in silence lest that be taken as an approval of such action. While we know the trial judge acted in the utmost good faith and had no thought that his absenting himself from the court- house for a short time while attending to some private business would or could result in any harm, and it is not claimed that it did do so in this case, yet as a matter of public policy such action cannot be ap- proved and comes dangerously near being error *per se.* It was said in Brownlee v. Hewitt, 1 Mo. App. 360, 368-70, in reference to having cases argued before a jury out of the presence of the court: "This is a custom which, in the interest of justice of this State, ought to be abandoned. It is as much the duty of a judge to preside over the argument of a cause to a jury as it is to listen to the evidence. His interference in either case may be needed at any moment, and great injustice may be, and is often, done and suffered by his absence at that critical time. . . . But the ad- ministration of justice requires that all proceedings in the trial of a cause should be held in the presence and under the control of the proper presiding officer of the court. . . . We cannot say how far the verdict of the jury may have been influenced by these illegal pro- ceedings; and we think it was error in the court to request counsel to argue the cause to the jury out of the immediate presence of the court, or even to permit them

to do so." State ex rel. v. Claudies, 1 Mo. App. 551, 561; Nichols & Shepherd Co. v. Metzger, 43 Mo. App. 607, 619; Colburn & Hamilton v. Flour Co., 49 Mo. App. 415.]

What is said in 38 Cyc. 1297, on this subject is the law and meets with our approval: "It is the duty of the trial judge to be present from the opening until the close of the trial. This is necessary in order that he may superintend the proceedings and give protection and security to the parties interested in the trial and to restrain counsel in their arguments from traveling outside of the record or transcending the bounds of legitimate discussion. If he find it necessary to absent himself from the court when a trial is in progress, he should suspend all proceedings until he has returned. It has been held that if the judge absent himself during the trial for a considerable length of time, without the consent of the parties, the judgment should be reversed. And on the other hand it has been held that absence of the judge during the trial with the consent of the parties is not a ground for reversal, especially where a deputized attorney is left in charge. So it has been held that judgment should not be reversed because of the judge's retirement to chambers, when he could see and hear what was going on and no prejudice appears to have resulted; and that the absence of the judge during trial should in no case operate as a ground for reversal where it affirmatively appears that no prejudice resulted." To the same effect is 21 Ency. Pleading & Practice, 977.

But as the court should have directed a verdict for defendants, the case will be affirmed. All concur.