WINONA WAGON COMPANY, Appellant, v. ROSS
E. FEASTER, et al., Respondents.

Kansas City Court of Appeals, April 5, 1915.

1. **CONTRACTS: Rescision: Tender: Replevin.** If a party desires to rescind a contract for fraud in which transaction he received notes from the party defrauding him, he must tender back the notes as a prerequisite to his right to bring a replevin suit for property he parted with. A tender of the notes in court after bringing the suit will not suffice.

2. ———: ———: ———: **Offer: Control: Possession.** A letter from a party claiming to rescind a contract for fraud and who had received the notes of the party defrauding. him, in which the writer stated that he, "hereby offered to return the notes," such notes not being in his possession or control, is neither a tender or offer.

Appeal from Henry Circuit Court.—*Hon. C. A. Calvird,* Judge.

AFFIRMED.

*C. C. Dickinson & Son* and *Ellis, Cook & Barnett* for appellant.

(1) Hopeless insolvency of McKee & Corman Hardware Company was conclusively shown without denial. This alone, even if no representations whatever, justified rescission. The court so declared (Abst. 27, Dec. Law 1). Mfg. Co. v. Troll, 77 Mo. App. 345; Leedom v. Ward, 38 Mo. App. 432; Elsass v. Harrington, 28 Mo. App. 304. (2) With plaintiff's conclusive and wholly uncontested proof of sale based upon false representations, and hopeless insolvency of the buyer, plaintiff having offered to return the notes before suit, and in its petition, followed by actual surrender of same into court, was entitled to recover. Miller v. Rankin, 136 Mo. App. 426, 429; Porter v. Leyhe, 67 Mo.

App. 540; Brokerage Co. v. Gates, 190 Mo. 391, 406 and cases cited; Judd v. Walker, 215 Mo. 312, 335, 338; Kingman v. Ellis, 125 Mo. App. 692. (3) No innocent purchasers are involved; no estoppel intervenes. The rights of plaintiff are as though the suit were directly against McKee & Corman Hardware Company. The trial court so declared. (Abst. 27, Dec. Law 2). Dry Goods Co. v. Jacobs, 66 Mo. App. 369, and cases cited. (4) A worthless thing need not be returned. An idle, useless act is never required, either at law or in equity. These notes were worthless and even if not returned could harm no one. The maker was a corporation, a hopeless bankrupt, and could never, like a natural person, recoup its fortunes. No return or offer to return was necessary. Kingman v. Ellis, 125 Mo. 692, 700; Auxier v. Taylor, 102 Ia. 676; Bishop v. Thompson, 196 Ill. 206, 210. (5) Tender, or return of benefit, or restoration of *status quo* may be waived. Is unnecessary when original vendee is unable to deliver back the property. Hurt v. Cook, 151 Mo. 416, 430; Johnson v. Garlichs, 63 Mo. App. 578, 582; 28 Ency. Law (2 Ed.), p. 19; Do. p. 9, par. 6; Lowe v. Harwood, 139 Mass. 133; Auxier v. Taylor, 102 Ia. 673, 676; Lawrence v. Miller, 86 N. Y. 138; 38 Cyc. p. 134, et seq.; Davis v. Van Wyck, 64 Hun. 186. (6) This is a replevin suit, and under the law in Missouri, in such a suit, all equities may be adjusted and all rights protected. Gregory v. Tavenner, 38 Mo. App. 633; Boutell v. Warne, 62 Mo. 350; Powers v. Braley, 41 Mo. App. 556, 563; Bank v. Snyder, 85 Mo. App. 82, 85; Barnes v. Rawlings, 74 Mo. App. 536.

*Williams, Hunter & Guffin, Frank W. Yale* and *Ernest S. Ellis* for respondents.

With the single exception that in the case at bar, the purchase money notes were not, at the commencement of this action, owned by the plaintiff, the facts

here involved are substantially identical with the facts in Kingman v. Ellis, 125 Mo. App. 692, decided by this court, and the decision in that case is controlling. We stand squarely on the rule there enunciated. For, in the opinion of Judge ELLISON who delivered the opinion, will be found an exhaustive discussion of every point and every proposition raised and contended for by the appellant.

ELLISON, P. J.—This is an action of replevin for a number of wagons. The judgment in the trial court was for the defendant.

In the month of July, 1913, plaintiff who resides in Minnesota sold and delivered to McKee & Corman Hardware Company in Missouri several wagons for the purchase price of which the Hardware Company executed its four negotiable promissory notes aggregating $1244, due at different dates. Plaintiff negotiated the notes to a bank in Minnesota. The Hardware Company obtained credit for the wagons by fraudulent representations as to its financial condition. It made an assignment to one Feaster on September 3d, about two months after the purchase. On September 8th, plaintiff's agents wrote the following letter to the Hardware Company whereby plaintiff claims the contract of purchase was rescinded: "This is to advise you that Winona Wagon Co. has rescinded, and hereby rescinds, the sale heretofore made to you of eighteen lumber wagons and hereby tenders to you or to your order all promissory notes or other things of value taken in connection therewith." On September 9th this action of replevin was brought, the assignee, Feaster, being made a party defendant. Afterwards, bankruptcy proceedings were begun against the Hardware Company and one Jones, being trustee in bankruptcy, was also made a party defendant.

The above letter was written by plaintiff's agents in Missouri and the notes which the letter states are

·"hereby" tendered were in Minnesota in the hands of a bank to which plaintiff had transferred them. This action was brought the next day after the letter was written and the same day it was received. Four days after the action was instiuted, plaintiff bought back the notes of the bank but they were not tendered to defendant until the close of the trial. The trial court gave a peremptory instruction to the jury to find for defendants.

No right exists to institute a replevin action until there has been a rescission. Notwithstanding the fraud of the hardware company in purchasing the wagons the sale was not void. It was voidable, by rescission, at the election of plaintiff. To avoid, or rescind, the sale it was necessary that plaintiff return to the Hardware company (or its representative) its notes given for the wagons. If the hardware company had refused to accept the notes and return the wagons, then an offer to return, that is, a tender of them, would have sufficed.

The letter stating that plaintiff "hereby tenders to you or to your order all promissory notes," amounted to nothing. For, at that time, the notes were in a distant State, owned by a third party. The case is much like that of Implement Co. v. Ellis, 125 Mo. App. 692, and is governed by it. We refer to that case for a statement and discussion of the necessity for a rescission before an action in replevin is instituted, the authorities being there discussed. We refer also to Noel v. Hughes, 152 Mo. App. 192, 196, and also to Bochm v. American Patriots, 172 Mo. App. 104 and Putnam v. Boyer, 173 Mo. App. 394, 398.

We gather from the argument for plaintiff that some reliance is placed on the statement frequently occurring in the textbooks and decisions that in order to rescind there must be a return, *or offer* to return what was received. Plaintiff says it did offer to return the notes. The expression "offer to re-

turn'' presupposes a tender and refusal and means that there must be a present ability to return if the offer is accepted.

The judgment is affirmed. All concur.